Section 8 of the Civil Service Law (chapter 370, p. 798, Laws 1899) provides that "All appointments or employments in the classified service shall be for a probationary term not exceeding the time fixed in the rules"; and the municipal civil service rule applicable to this case makes the term one month, and provides that if the conduct or capacity of the appointee be unsatisfactory to the appointing officer, the appointee shall be notified in writing during the probation term that at the end thereof he will not be retained. It then adds that "his retention in the service otherwise shall be equivalent to permanent appointment."

The effect of these provisions is to make the probation period a separate and distinct term, the statute using that very word. It does not run into and become part of the permanent tenure. It ends, and there is then an appointment to the permanent tenure. The municipal civil service rule provides that a failure of the appointing officer to notify the probationer during his probationary term that he will not be retained "shall be equivalent to permanent appointment." This does not destroy the separate identity of the probation term, and the necessity for an appointment to the permanent tenure; on the contrary, the rule intends such an appointment, and provides for an "equivalent" of a formal appointment. The effect is the same as though a formal appointment were made indispensable.

The permanent tenure being separate and distinct from the probation term, the year of service as a patrolman in the seventh grade requisite for promotion by the charter section began at the end of the probation term.

Order reversed and motion denied, without costs. All concur.

---

(110 App. Div. 730)

### VINCENT v. NASSAU COUNTY.

(Supreme Court, Appellate Division, Second Department. January 12, 1906.)

1. COUNTIES—AUTHORITY TO EMPLOY ATTORNEY—GENERAL RETAINER.

While a county has authority to retain counsel whenever it has litigation, the board of supervisors have no authority, irrespective of litigation, to appoint a person as counsel at an annual salary.

2. CLAIMS FOR COMPENSATION—NECESSITY FOR AUDIT.

The compensation of counsel for a county belongs to the class of contingent expenses which must be audited and allowed by the board of supervisors.

Appeal from Trial Term, Nassau County.

Action by John Vincent against the county of Nassau. From a judgment dismissing the complant, plaintiff appeals. Affirmed.

See 92 N. Y. Supp. 32.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, and RICH, JJ.

Edward J. McGuire, for appellant.
George B. Stoddart, for respondent.

WOODWARD, J. The plaintiff, whose complaint has been dismissed, and who appeals from the judgment of dismissal, is an attor-

ney at law, and seeks in this action to recover a balance alleged to be due him under an employment by the board of supervisors of Nassau county. The plaintiff was appointed as counsel to the board of supervisors on the 21st day of April, 1903, and on the 25th day of May of the same year the board of supervisors adopted a resolution to the effect:

"That the salary of John Vincent as counsel to this board be fixed at two thousand dollars per annum from April 21st, 1903, payable quarterly, in addition to costs collected by him in all litigations and proceedings in which he may appear by reason of our retainer."

Under this general retainer the plaintiff acted for the board up to November, 1903, when the board adopted a resolution dispensing with his services. On the 28th of March, 1904, the board passed a resolution revoking the resolution of November 25, 1903, and reinstating the plaintiff as counsel to the board, under which reinstatement the plaintiff concededly performed all of the services required of him up to the end of the year for which he was originally designated. He was paid in full for his services up to the 21st day of October, 1903, but the remaining services, during the time that he was suspended, and after his reinstatement, have never been paid, and he brings this action to recover upon the alleged contract of employment, it not being claimed that the board of supervisors of Nassau county had any power to create the office of counsel to the board. Upon the trial the court dismissed the complaint upon the grounds (1) that the board of supervisors had no power to create the office of counsel to the board, and that therefore there could be no recovery; and (2) that the plaintiff was bound to present his bill of disbursements (which was included in his claim) to the supervisors for audit, and could not, therefore, recover for same by action against the county. The plaintiff appeals.

It is not claimed that there is any authority for creating the office of counsel to the board, and we are unable to find any warrant in law for a general retainer, such as is here attempted. There is no doubt that the county of Nassau, as a municipal corporation, having the capacity to sue and be sued, has the incidental right to retain counsel whenever it has any litigation (People ex rel. Gardenier v. Supervisors, 134 N. Y. 1, 5, 31 N. E. 322, and authorities there cited), but it is quite another matter to involve the county in an indebtedness by a general retainer, when there may be absolutely no business for a lawyer to transact. In The People v. Supervisors of Delaware County, 45 N. Y. 196, 201, the court, in discussing a similar case, say:

"If the board of commissioners of excise had not power, by a general retainer, to authorize the relator to commence actions unspecified, then they had not power by such retainer to bind the county for his services upon such general retainer. For, as agents, they could bind their principal only when acting within the scope of their authority. And if the action against Sackrider had gone no farther than the judgment in the County Court, we should hold that the county was not liable for the relator's services therein."

In the absence of direct authority on the part of the Legislature to a board of supervisors to generally retain counsel, it seems clear to us that the incidental power to employ counsel can arise only when there is actual need of his services in behalf of the county, and that in such a case his compensation belongs to the class of contingent expenses, which must be audited and allowed by the board of supervisors. The

People v. Supervisors of Delaware County, 45 N. Y. 196, 199; People ex rel. v. City of Kingston, 101 N. Y. 82, 96, 4 N. E. 348, and authorities there cited.

It seems equally clear to us that the plaintiff's disbursements are in the class of contingent expenses, depending upon the audit of the board of supervisors, and that there was no power in the board of supervisors to make any contract of general retainer which would warrant the plaintiff in making these disbursements, except in connection with actual litigation which could authorize his employment. See Brady v. Supervisors of New York, 10 N. Y. 260.

The judgment appealed from should be affirmed, with costs. All concur.