### PEOPLE ex rel. WOGAN v. RAFFERTY.

(Supreme Court, Appellate Division, Second Department.   January 17, 1913.)

1. CONSTITUTIONAL LAW (§ 70*)—JUDICIAL FUNCTIONS—PROPRIETY OF STATUTE.
     The courts cannot determine the propriety of a statute, but merely its constitutionality.
     [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 129–132, 137;  Dec. Dig. § 70.*]

2. CONSTITUTIONAL LAW (§ 48*)—VALIDITY OF STATUTE—DUTY OF COURTS.
     While it is presumed that a statute is constitutional, the courts should not hesitate to hold a statute unconstitutional if it clearly appears so.
     [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46;  Dec. Dig. § 48.*]

3. COURTS (§ 41*)—COUNTY COURTS—NATURE.
     The present County Courts are essentially new courts, being first created by the Constitution of 1846, and are not merely continuances of the Courts of Common Pleas and General Sessions of the Peace.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 162, 181–183;  Dec. Dig. § 41.*]

4. CLERKS OF COURTS (§ 3*)—APPOINTMENT—CONSTITUTIONALITY OF STATUTE.
     Laws 1909, c. 35, known as the "Judiciary Law," as amended by Laws 1911, c. 640, and chapter 826, conferring upon the county clerk of Kings county the power to appoint a chief clerk of the County Court for the term of five years with power of removal for cause, is not unconstitutional as invading the constitutional rights of the county clerk, in that, while under the Constitution he is elected for only two years, the statute authorizes him to appoint a chief clerk to hold for five years.
     [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 4–7;  Dec. Dig. § 3.*]

5. OFFICERS (§§ 2, 49*)—TERMS—POWER OF LEGISLATURE.
     The Legislature has power to provide for a fixed or indeterminate term of office as to officers whose terms are not fixed by the Constitution, and even the power of removal of subordinates by constitutional officers may be restricted.
     [Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 2, 70;  Dec. Dig. §§ 2, 49.*]

6. CLERKS OF COURTS (§ 3*)—APPOINTMENT—POWER OF LEGISLATURE.
     In view of Const. art. 6, § 19, merely providing that the several county clerks shall be clerks of the Supreme Court with powers and duties prescribed by law, the Legislature has power to provide for all other clerkships, including clerks of the County Court.
     [Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 4–7;  Dec. Dig. § 3.*]

7. CONSTITUTIONAL LAW (§ 20*)—CONSTRUCTION.
     A uniform construction of constitutional provisions and statutes enacted thereunder often has controlling weight in determining a constitutional question.
     [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 14, 15;  Dec. Dig. § 20.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.8. OFFICERS (§ 110*)—DUTIES—STATUTORY CONTROL.

　　The Legislature has power to regulate the duties of locally elected officers.

　　[Ed. Note.—For other cases, see Officers, Cent. Dig. §§ 176–179, 182; Dec. Dig. § 110.*]

9. QUO WARRANTO (§ 55*)—TRIAL OF TITLE—BURDEN OF PROOF.

　　In an action to try title to an office, the party whose title is assailed must show by what authority he holds the office.

　　[Ed. Note.—For other cases, see Quo Warranto, Cent. Dig. §§ 63–65; Dec. Dig. § 55.*]

Appeal from Trial Term, Kings County.

Quo warranto by the People, on the relation of Thomas F. Wogan, against John T. Rafferty. From a judgment for relator (77 Misc. Rep. 258, 136 N. Y. Supp. 4), defendant appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Hugo Hirsh, of Brooklyn, for appellant.

Henry P. Molloy, of New York City, for respondent.

WOODWARD, J. This appeal brings up for review a judgment of the Supreme Court of Kings county in an action of quo warranto instituted by the people of the state upon the relation of Thomas F. Wogan (hereinafter styled the plaintiff) against John T. Rafferty (hereinafter styled the defendant) to test the title to the office of chief clerk of the County Court of Kings county, now held by the defendant, and to which plaintiff claims title by virtue of an appointment for the term of five years, made in July, 1911, and which will not terminate until July, 1916. The judgment appealed from held that the plaintiff was entitled to the office in question, and that the defendant was holding it without lawful warrant, and that he be ousted and excluded therefrom, and the defendant has appealed from this judgment.

The facts in the case are simple and undisputed, and present only a question of law, which is clean cut and sharply defined, though presenting interesting aspects for discussion.

On June 30, 1911, Henry P. Molloy, who was county clerk of Kings county, appointed the plaintiff, Mr. Wogan, to the position in question for the term of five years, beginning July 13, 1911. This appointment was made under authority of chapter 35 of the Laws of 1909, known as the "Judiciary Law," as amended by chapters 640 and 826 of the Laws of 1911, and which conferred upon the county clerk the power to make such appointment for the term of five years. Under the laws theretofore in force the power of appointment to the position of chief clerk had been lodged in the county judges of Kings county, who had like authority to make such appointment for a term of five years. The legislation transferring the power of appointment to the county clerk is said to have been partisan in its nature.

[1] We cannot, however, in the exercise of the judicial functions to which we are confined, consider the nature, or even propriety, of a given act of the sovereign legislative power of the commonwealth,

but only its validity in relation to constitutional restraints, and, tested by this standard, we are constrained to hold that the conclusion reached by the trial justice of the court below was legally sound, if not upon all of the grounds formulated in its opinion, nevertheless upon the substantial foundations of its conclusion.

The term of office of County Clerk Molloy expired at the close of the year 1911, at which time Mr. Wogan was serving under his appointment by Mr. Molloy as chief clerk of the County Court, having acted as such continuously since his appointment on June 30, 1911. On January 1, 1912, Charles S. Devoy, who had himself served as chief clerk of the County Court from November, 1902, until June 30, 1911, when he was retired, entered upon the duties of county clerk of Kings county, to which he had been elected at the preceding election, and immediately upon taking office appointed the defendant John T. Rafferty to the position of chief clerk of the County Court of Kings county, describing the office, however, to which Mr. Rafferty was appointed as that of "deputy county clerk of Kings county to act and be known as the chief clerk of the County Court of Kings county." Mr. Rafferty entered upon the discharge of the duties of chief clerk of the County Court on January 1, 1912, excluding the plaintiff, Mr. Wogan, therefrom, and in March, 1912, the present action was begun to test the title of the conflicting claimants to the position.

The plaintiff, Mr. Wogan, claims that, under the laws authorizing his appointment, he cannot be lawfully removed from office except for misconduct, until the expiration of his five-year term. On the other hand, it is claimed on behalf of the defendant that the legislative acts referred to, under which a five-year appointment to the office in question was authorized, are unconstitutional, in that they deprive the county clerk of constitutional powers, duties, and prerogatives as clerk of the County Court, and transfer them to a stranger not even appointed by him, and for a term extending several years beyond his own term of office.

It is clear that the sole question involved in the solution of this controversy is whether the acts of the Legislature which assumed to confer authority upon the county clerk of Kings county, whoever he might be at a given time, to appoint the chief clerk of the County Court for a period extending beyond the county clerk's own term of office, was in conflict with any express or necessarily implied provision or prohibiton of the state Constitution. If the laws in question are repugnant to constitutional limitations, they must be declared null and void.

[2] While the courts approach determination of constitutional questions with a presumption in favor of the validity of a given legislative act, they should not hesitate, in the performance of their sworn duty, to hold the Legislature within the limits of power that have been imposed by the people themselves through their organic constitutional law. If, on the contrary, the laws referred to do not so intrench upon constitutional restrictions, they are valid, and must be given force and effect, regardless of consequences or other considerations, or of

what our views may be as to the propriety of such legislation, or the motives which inspired it.

The salient point urged by the appellant is that the county clerk of Kings county is a constitutional officer, and that among his duties and responsibilties are those of clerk of the County Court of said county, and that the recent acts of the Legislature providing for the office of chief clerk of the County Court of Kings county and for the appointment of such a chief clerk for a period of five years, where the county clerk himself is elected for only two years, deprives the county clerk of certain substantial rights, powers, and duties vested in him by the state Constitution. The learned counsel for the appellant has presented to us in support of his contention a brief showing painstaking research, ingenuity of thought, and fullness of argument; but we are not able to follow him to the conclusion for which he contends. The claim of the appellant is that, although the County Courts of the state as now existing were first designated as such in the state Constitution of 1846, they are as a matter of law only continuations of the Courts of Common Pleas and the Courts of General Sessions of the Peace which had long prior thereto existed and whose jurisdiction was essentially confined to their respective counties; and he frankly admits that if this position is not sound the case of the appellant must fail.

[3] While the decisions in which this question has, in some form, presented itself may not have squarely passed upon the proposition, several authorities, involving the question more or less directly, have treated the present County Courts of the state as essentially new courts brought into being for the first time by the Constitution of 1846, and from the examination that we have given to the matter we should feel constrained so to hold, were this consideration vital and the sole ground for reaching a conclusion in the present case. Frees v. Ford, 6 N. Y. 176; People v. Bradner, 107 N. Y. 1, 13 N. E. 87; Foot v. Stevens, 17 Wend. 483.

While this consideration would of itself dispose of the present contention adversely to the appellant, there are other substantial grounds, as we view the case, necessitating a like conclusion. In the first place, while for a period of years the chief clerk of the County Court of Kings county was appointed by the judges of the County Court and the validity of such procedure was unquestioned, the recent amendments under which the appointments of both the plaintiff and the defendant were made confer upon or restore such power of appointment to the County Clerk himself, so that, in view of the fact that the county clerk cannot in person act as special deputy clerk in all of the different numerous parts of the Supreme and County Courts constantly in session in a great county like Kings, he still has his appointee and representative acting as clerk of the County Court, which practically makes the situation in the County Court the same as in the Supreme Court in counties in which the county clerks appoint the clerks of the Supreme Court. The act defining the duties of the chief clerk of the County Court (section 283 of the Judiciary Law), under its latest amendment by chapter 640 of the Laws of 1911, provides that the

chief clerk shall have all the powers and fulfill all the duties of the county clerk of Kings county at any sitting or term of the County Court with respect to the business transacted thereat, and that such chief clerk and his deputies and assistants shall perform such duties as are imposed upon them by law as deputies and assistants of said County Clerk and such other duties as the judges may from time to time impose upon them, not inconsistent with their duties as deputies and assistants of the county clerk. These provisions confer upon the chief clerk of the County Court substantially only such duties as are performed by a special deputy clerk in the Supreme Court. It should also be noted in this connection that, while section 283 of the Judiciary Law, as finally amended and above referred to, speaks of the chief clerk of the County Court and "his said deputies and assistants," and requires such deputies and assistants to perform such duties as are now imposed upon them by law as deputies and assistants of said county clerk, these deputies and assistants, under the amendment of section 195 of the Judiciary Law (Laws of 1911, c. 826), are themselves appointed not by the chief clerk of the court, but by the county clerk, and such appointments do not even require the approval of the county judges, as was formerly the case. It does not seem important or vital to the determination of the question before us to analyze closely the proposition as to whether the chief clerk of the County Court is an independent officer from the county clerk, or to what extent he is subordinate to the county clerk. He and all of his assistants are appointed by the county clerk, and, while the Legislature has fixed his term at five years, he may be removed from office by the county clerk himself prior to the expiration of his term, for cause, after trial, upon charges and an opportunity to be heard and to defend. Judiciary Law, § 282, as amended by Laws of 1911, c. 640.

[4] The further point, however, is made that the constitutional rights of the county clerk are invaded by the fact that while the county clerk himself, under the state Constitution, is elected for two years in Kings county, the power given to a given county clerk to appoint the chief clerk of the County Court for a term of five years enables a given county clerk, as in the present case, to make an appointment which overlaps the entire period for which the next county clerk is elected. We are unable to concur in the validity of this objection for various reasons. In the first place, the appointment of the chief clerk of the County Court must now be made by the official known as the county clerk, for which power both parties in the present action contend. The duration of the term of appointment of the chief clerk goes merely to the tenure of office, and not to its character or duties. There appears to be no constitutional prohibition against extending the term of office of an appointee of a given official beyond the term of the particular incumbent of the office making the appointment. Cases might possibly arise in which such a law might be unconstitutional, but we do not think the present situation is of that kind. The Constitution provides that county clerks shall be chosen by the electors of the respective counties, and that all county officers whose election or ap-

pointment is not provided for by the Constitution shall be elected by the electors of the respective counties, or appointed by such other county authorities as the Legislature shall direct. Constitution, art. 10, §§ 1, and 2. As has been shown, under the law as it now stands, the chief clerk of the County Court is appointed by the county clerk, who is himself elected by the electors of the county, and who can, therefore, be given authority by the Legislature to appoint other county officers, even if we assume that in providing for a chief clerk of the County Court the Legislature created a new office, which, however, we do not think can reasonably be maintained. Even if the appointment of the chief clerk of the County Court for a period exceeding the term of the county clerk making the appointment should be objectionable if this period had been made absolute, such objectionable feature is probably eliminated in the present case by the power of removal, which is given for cause, prior to the expiration of the appointee's term.

[5] The Legislature undoubtedly has power to provide for a fixed or even indeterminate tenure of office as to officers whose terms are not fixed by the Constitution, and especially as to subordinates appointed by other officers, whether themselves elective or appointive, and much of the Civil Service Law is based upon this principle. In other words, even constitutional officers may be restricted in their power of removal of their appointees or subordinates by legislative provision, without invading any constitutional right of such official.

Another interesting point is to be noted. The Constitution does not prescribe the duties of any county clerk in any respect except that it provides, specifically, that the clerks of the several counties shall be clerks of the Supreme Court, with such powers and duties as shall be prescribed by law. Constitution, art. 6, § 19. There is no provision that the county clerks shall be clerks of the County Courts, such duties having been conferred solely by statute, so far as there is any express provision of law on the subject. It is contended, however, that as the county clerks were clerks of the courts which preceded the County Courts, and that the County Courts are only continuations of such courts, the right of county clerks to continue as clerks of the County Courts is as great or greater by implication than is their right, expressly given by the Constitution, to act as clerks of the Supreme Court.

[6] Even if the present County Courts were but continuations of prior courts, to which, as we have already stated, we cannot assent, we should hesitate to follow the logic of this contention, but should rather be disposed to hold that as the present Constitution and several prior Constitutions have expressly provided that the County Clerks should be clerks of the Supreme Court, and made no reference to their rights or duties as clerks of any other court, it was the intention of the framers of the Constitution to empower the Legislature to make provision for all such other clerkships.

[7] We find, indeed, that practically from the reorganization of the judicial system of the state by the Constitution of 1846, down to the present time, the Legislature and the courts have given a con-

struction to the constitutional provision relating to the county clerks as the clerks even of the Supreme Court, recognizing the right of the Legislature to provide for the appointment by the courts themselves of special deputy clerks and other officers and attendants in and upon courts, and such constant and uniform construction of constitutional provisions and of legislative powers thereunder has great and often controlling weight in the determination of a constitutional question. People ex rel. Williams v. Dayton, 55 N. Y. 367; People v. Home Ins. Co., 92 N. Y. 328; People ex rel. Lardner v. Carson, 10 Misc. Rep. 237, 30 N. Y. Supp. 817, affirmed 86 Hun, 617, 35 N. Y. Supp. 1114; Stuart v. Laird, 1 Cranch, 299, 2 L. Ed. 115. It is, indeed, doubtful whether a clerk of the Supreme Court, or even of the County Court, can properly be deemed a county officer, but is not rath·. er, essentially, a state officer, connected with the administration of the law of the state. We do not deem it necessary, however, to dispose of this particular proposition categorically.

[8] Under the well-recognized power of the Legislature to regulate, increase, or diminish the duties of even a locally elected officer, functions formerly performed by sheriffs and county clerks have been, from time to time, transferred to newly created officials, and such legislative powers, often arising from the necessities of a situation, have not been questioned. People ex rel. Met. St. R. Co. v. Tax Commissioners, 174 N. Y. 421, 67 N. E. 69, 63 L. R. A. 884, 105 Am. St. Rep. 674. In this way the county clerks of New York county and Kings county have been shorn of their powers and duties as recorders of deeds, and such functions transferred to newly created officers, known as "Registers of Deeds." Laws of 1852, c. 83; Laws of 1856, c. 190; People ex rel. Kingsland v. Palmer, 52 N. Y. 83.

So the former duties of county clerks as to drawing juries have in the larger counties been transferred to specially appointed commissioners of jurors, appointed otherwise than by the county clerks, and in no way subject to the authority of such county clerks, and such acts have been held constitutional. Laws 1858, c. 322. Coming to the courts themselves, a large number of laws have from time to time been passed, providing for the appointment of special deputy clerks and other court officers who attend upon courts by the courts themselves, and not by the county clerks, and the validity of such legislation has been generally recognized, alike by the Legislature, the state departments, local authorities, and the courts. Fink v. Wallach, 109 App. Div. 718, 96 N. Y. Supp. 543. It is not likely that this long continued recognition of legislative power will be, or should be, disturbed.

Finally, it is doubtful whether the defendant in the present action can be regarded as a party aggrieved by the judgment appealed from, so as to entitle him to appeal therefrom, irrespective of the right or lack of right of the plaintiff to the office of chief clerk of the County Court of Kings county now under consideration. The plaintiff claims the office by virtue of a statute which, if valid, justified his appointment. The defendant was, however, appointed to the office before the expiration of the term of plaintiff, and the plaintiff was ousted from the office before the expiration of his term. If the defendant's con-

tention that the statute under which plaintiff was appointed was un-constitutional, he places himself in the predicament of claiming to hold the office without warrant of any statute whatsoever, as in such case there would appear to be no warrant for defendant's appointment.

[9] In an action to test the title to a given office, it appears to be the law and practice that it is incumbent upon the party whose title to office is attacked to show by what right and authority he assumes to hold the office and to exercise its functions, and this the defendant does not appear to have attempted in the present case. People ex rel. Bush v. Thornton, 25 Hun, 456; People ex rel. Judson v. Thacher, 55 N. Y. 525, 14 Am. Rep. 312; Vincent v. County of Nassau, 45 Misc. Rep. 247, 92 N. Y. Supp. 32, affirmed 110 App. Div. 730, 96 N. Y. Supp. 446.

In view of the importance of the questions involved on this appeal, however, we have not deemed it advisable to rest our decision upon this technical foundation, but have considered the controversy in its larger aspects and on the merits, and have come to the conclusion that the judgment appealed from must be affirmed. All concur.