Ernest J. Wolfe, Jr., J.
The defendant is charged with a violation of the Muffler Law which is to be found in Vehicle and Traffic Law (§ 15, subd. 1) and reads in part: “ Every such motor vehicle, also, shall have a suitable muffler or device to prevent unnecessary noise from exhaust gases ” (emphasis added).
Defendant’s counsel moves for the dismissal of the information on the ground that the quoted portion of the statute violates the Due Process Clause of the Constitution for vagueness of standard of conduct, and cites People v. Zanchelli (8 Misc 2d 1069) and chapter 630 of the Laws of 1958.
Section 150 of volume 1 of McKinney’s Consolidated Laws of New York entitled “Statutes” reads as follows: “It is with great reluctance and as a last resort that the courts will strike down a solemn legislative enactment on the ground that it conflicts with the state or federal constitution. Every presumption is in favor of the validity of a statute, and every effort will be made to give its ambiguous language such a meaning that the act may stand without conflict with the fundamental law.” And annotated under that section are upwards of 200 eases in support of it.
With reference to the Zanchelli case (supra, pp. 1070, 1071), Judge Connor, having stated the age-old rule that statutes creating crimes or infractions must be couched in words which clearly set up standards of conduct, advances two grounds upon which he found the Muffler Law unconstitutional:
*21 1. Inasmuch as the Court of Appeals in People v. Grogan (260 N. Y. 138) decided in 1932 that “ unnecessarily ” — when used in the definition of reckless driving as ‘1 unnecessarily endangering or unnecessarily interfering with the use of the highway ’ ’ — does not prescribe any standard of conduct, that it therefore follows that “ unnecessary noise ” also lacks such a standard; and
2. Having noted a fact that is common to everyone’s experience— that trucks make more noise than passenger cars — the court found that the statute was susceptible to a dual interpretation and therefore founded on “ loose language
With reference to Judge Connor’s first ground, it is this court’s opinion that the Court of Appeals never meant that the word ‘ ‘ unnecessary ’ ’ should be lifted out of context of its Grogan opinion and applied wherever found in our various statutes. But if, arguendo but not admitting, that such were the intent of our highest State court, 26 years have passed since the Grogan case, providing “unnecessary” with ample time and opportunity to acquire sufficient legal meaning for during that time, “ unnecessary ” has been in frequent use by the Legislature in statutes and by the courts in opinions.
Navigation Law (§ 45) prohibits navigation “ in a manner which unnecessarily interferes * * * or unnecessarily endangers Vehicle and Traffic Law (§ 81, subd. 13) prohibits a vehicle from emitting ‘1 unnecessary smoke or unnecessary offensive vapors”; Town Law (§ 130, subd. 8) empowers a town board to prohibit “ unnecessary emission of smoke, noxious gases, deposits, dusts ” and to prohibit “unnecessary use of bituminous coal”; Penal Law (§ 2072) makes it a misdemeanor to utter an “ unnecessary noise ” at a religious meeting; Boiler Inspection Act, (U. S. Code, tit. 45, § 23) prohibits placing a tender into operation that is not “ safe to operate * * * without unnecessary peril ”; Code of Criminal Procedure (§ 185) commands that a person arrested by a private person must be without 11 unnecessary delay” taken before a magistrate; Village Law (§ 89, subd. 54) empowers a village board to prohibit the ‘ ‘ unnecessary emission of smoke, noxious gases ” and to prohibit the “ unnecessary use of bituminous coal”; Code of Criminal Procedure (§ 10) prohibits the use of unnecessary restraint of a prisoner: “ nor can a person charged with a crime be subjected, before conviction, to any more restraint than is necessary for his detention.” (Italics supplied.)
*22 The eases are inconveniently silent on the Muffler Law but the cases are legion that deal with 1 ‘ unnecessary noise ’ ’ with reference to locomotives frightening horses (e.g. Sheldon v. New York Cent. & Hudson Riv. R. R. Co., 148 App. Div. 396). Nowhere in the opinions of these cases, though this term is frequently used, have the judges taken the trouble to define this term. But a lack of published opinions is not necessarily an accurate reflection of our various courts’ activities. In frequent and unpublished decisions, among other judges the Surrogate is called upon to determine whether certain fees and disbursements are necessary or unnecessary (Surrogate’s Ct. Act, § 278) and the Children’s Court Judge to determine what is necessary or unnecessary for the support and maintenance of children. No one would seriously contend that these judges were daily employing a meaningless word as a standard for their determinations.
However the tenor of the opinions in the ‘ ‘ horse cases” seems to indicate an unanimity of agreement as to the meaning of “ unnecessary ” that finds its expression in an out-of-State case, Banta v. Union Pacific R. R. Co. (362 Mo. 421, 430). There the court said: “ The word [s] ‘ unnecessary ’ * * * [is a] word[s] of every day usage and common understanding. As used in this Act we see no mystery in [it]. ‘ Unnecessary ’ means that which is not required by the usual circumstances.”
And so, as applied to mufflers, unnecessary noise can be defined as that noise which is not required by the usual circumstances. It is for the trier of the facts to determine whether or not the noise in question was usual after all circumstances have been considered. “Usual” here would mean the normal noise range for a particular type of vehicle. And in the consideration of the circumstances, it may be found that a noise, though in excess of such a normal noise range, is nonetheless necessary because the cause may be unavoidable — as where a muffler has become defective or lost before the operator has had an opportunity to have it repaired or replaced.
With reference to Judge Conuor’s second ground, the Muffler Law has a universal- — not a dual — application to all vehicles propelled by any power other than muscular power (with certain exceptions noted in Vehicle and Traffic Law, § 2, subd. 8). And, subject to those exceptions, it applies to the Imperial and the Cadillac — the luxury cars — each with four mufflers; it applies to the antique cars which are to be seen again more and more frequently on our highways with their primitive mufflers; and to diesel trucks ,* and to surplus “ weasels ”, “ ducks ”, “ peeps ”, jeeps ”; and to the home *23 made products of American ingenuity: “ jitneys ”, “doodlebugs”, and propeller-driven ski-mobiles. There is no limit to the application of the Muffler Law but its application is an equal one because the standard never varies — is the exhaust noise necessary under the circumstances Í
With reference to the new Muffler Law to be found in chapter 630 of the Laws of 1958 and which does not became effective until July 1, 1959, it reads in part: “Every motor vehicle d * * shall at all times be equipped with an adequate muffler in constant operation ° <:= * to prevent any excessive or unusual noise ” (emphasis added).
This entire new section is now word for word with the muffler statutes of many of our sister States (e.g. California, Minnesota, Texas, et al) and has the obvious benefit to licensed drivers of uniformity.
This court is not impressed by the contention that the change in the Muffler Law was in effect an “ admission ” on the part of the Legislature that this law, as it now stands, is unconstitutional. And whether or not the old law suffers by comparison to the new one need not be decided here for this court finds that the term, “unnecessary noise” is sufficient to inform a person of ordinary intelligence of the nature of the prohibited offense, and thus sufficient to establish a standard of conduct ascertainable by persons familiar with the operation of automobiles; motor vehicles now being so common and mufflers so uniformly used to minimize the noise from their exhaust, that what is “unnecessary noise” is now a matter of common knowledge.
The courts within the Fourth Judicial Department have been adjured to find legislative enactments constitutional unless they are clearly unconstitutional beyond all reasonable doubt. “ If a reasonable doubt exists, that uncertainty mnst be resolved in favor of the legality of the statute.” (Matter of Bareham v. Board of Supervisors of County of Monroe, 247 App. Div. 534, 537.)
The foregoing contains the reasons upon which this court’s doubt is based. The statute in question is constitutional. Defendant’s motion is denied.