Mario M. Albanese, J.
These defendants, all municipal officials of the City of Gloversville, New York, were indicted by the Grand Jury of the County of Fulton at its January, 1975 session charging them under the second count of their respective indictments with violating subdivision 1 of section 805-a of the General Municipal Law of the State of New York.
All three defendants move for the dismissal of this particular charge on the grounds the same is unconstitutional claiming it fails to adequately and sufficiently set a standard by which reasonable men could reach a determination as to what are "circumstances in which it could reasonably be inferred that the gift was intended to influence the defendants or could reasonably be expected to influence them in the performance of their respective official duties”; the statute, so it is further claimed, is so vague and unspecific that a reasonable man would be compelled to speculate at his peril whether the statute permits or prohibits the act he contemplates committing and as such, is repugnant to the due process clause of the Constitutions of the United States and New York, as well as violative of the protection afforded an individual thereunder.
The District Attorney, on the other hand, directly opposes the contentions of the three defendants, claiming instead that the entire act is constitutional without any vagueness, uncertainty or ambiguity; all that is required to identify the nature of the conduct prohibited is the exercise of common sense; *6 that there is a presumption in favor of constitutionality and that a court of first instance should not exercise transcendent power in declaring an act of the Legislature unconstitutional except in rare cases involving life and limb and where the invalidity is apparent on its face.
Although the State of New York is in fact a party to this action, the Attorney-General’s office was nevertheless given due notice of this proceeding. (CPLR 1012, subd b.) The Attorney-General, having failed to appear or argue in opposition, the constitutionality of section 805-a will be determined sans that office. Memorandum for the Governor, from the Attorney-General dated April 1, 1970, relative to this section was submitted to the court on reargument, held December 12, 1975.
The pertinent portion of section 805-a of the General Municipal Law reads as follows: "§ 805-a. Certain action prohibited. 1. No municipal officer or employee shall: a. directly or indirectly, solicit any gift, or accept or receive any gift having a value of twenty-five dollars or more, whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part”.
To the court’s best determination, there are no decisions or cases bearing on the constitutionality of section 805-a or for that matter bearing on the constitutionality of a parallel statute governing the conduct of State employees — subdivision 5 of section 73 of the Public Officers Law; therefore, this appears to be a case of first impression.
To ascertain the legislative background, its intents and purposes, the court referred to the Report of the Governor’s Special Commission on Ethical Standards in Public Service, dated December 12, 1969, with Malcolm Wilson, then Lieutenant Governor, as its Chairman. This report sets forth the intended and express proscription of two distinct and separate types of conduct, the first of which forbids the solicitation, directly or indirectly, of any gift of any value under all circumstances; the second forbids the acceptance or receipt of any gift of $25 or more, even if unsolicited, whether in the form of money or in any other form, under circumstances *7 intended or expected to influence the official in his official duties.
A reading of section 805-a reflects this distinction.
A municipal officer or employee, under the first prohibition, is forbidden to: "directly or indirectly, solicit any gift”. This particular prohibition and language is clear, definite and unequivocal, so much so that no rational argument can be levied against its intent and meaning. This being so, the court will dispose of this portion of the statute before us without further discussion thereon by declaring the first prohibition to be constitutional. (See, also, McKinney’s Cons Laws of NY, Book 1, Statutes, ch 6, § 76.)
With respect to the second prohibition, a municipal officer or employee is forbidden to: "accept or receive any gift having a value of twenty-five dollars or more, whether in the form of money, service, loan, travel, entertainment, hospitality, thing or promise, or in any other form, under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to influence him, in the performance of his official duties or was intended as a reward for any official action on his part”. The wording and language of this second proscription presents a different and difficult situation more specifically that portion thereof which reads: "under circumstances in which it could reasonably be inferred that the gift was intended to influence him, or could reasonably be expected to inñuence him”. (Emphasis added.) The court holds such language to be vague and without any standard or guidelines whatsoever; accordingly, is unconstitutional as violative of the due process and equal protection clauses of the Constitutions of the State of New York and the United States.
Notwithstanding the application of all the rules, regulations and aids set forth in the afore-mentioned chapter 6 on statutes (McKinney’s Cons Laws of NY, Book 1, Statutes, ch 6), the verbiage in question remains troublesome and obscure.
The pertinent wording of section 805-a, as constituted, does not set forth any commonly accepted or understood circumstance or set of circumstances under which it can be reasonably inferred that a gift is intended to influence or could reasonably be expected to influence an official in the performance of his duties or was intended as a reward for any official action on his part. Comparable in many ways to the instant case is People v Berck (32 NY2d 567, 570), where it was *8 stated: "that the loitering be done under circumstances which justify suspicion that a person is engaged in or about to engage in a crime — is similarly obscure. Assuredly, there are no commonly understood set of suspicious circumstances of which all citizens are aware and to which applicability of the statute is restricted.” Nor does it contain any standard or guidelines by which such a determination may be ascertained. Such a statute should offer some comprehensive guide or rule. (People v Grogan, 260 NY 138, 145.)
In addition to the foregoing defects, the wording being examined hereunder is lacking in specificity. It should clearly indicate what it is a man’s duty to avoid. (United States v Brewer, 139 US 278, 288.) It must be so "clear and positive” as tó give "unequivocal warning” to citizens of the rule to be obeyed. (People v Firth, 3 NY2d 472, 474.) Furthermore, it has no well-defined or agreed upon meaning. Tozer v United States (52 F 917, 919) states in part that a person should be "able to know in advance whether [his act] is criminal or not.” In short, this language, also suffers from vagueness. The test of due process is met by a statute whose language is sufficiently definite to establish a standard of conduct ascertainable by persons familiar with the field in which the statute is operative. (People v Merry, 12 Misc 2d 20.)
In the opinion of this court, these are serious deficiencies that result in a denial of due process. Connally v General Constr. Co. (269 US 385, 391) holds: "A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.” The test in matters of this kind as to whether or not a statute may be upheld as constitutional seems to be whether the phrases used have "a technical or other special meaning * * * or a well-settled common law meaning” (p 393) or whether the text of the statute involved or the subject with which it dealt sets up some kind of standard.
The additional language ("under circumstances,” etc.) in our particular case does not condemn any act, omission or clearly defined set of circumstances but, in fact leaves it to the discretion if not the whim of the police or enforcement official to determine or ascribe criminality or wrongdoing. More disturbing still, it is the intent of the donor and not that of the municipal official that controls — a contention with which *9 the District Attorney fully concurs. Admittedly, then, one intending no wrong can nevertheless be victimized by accepting or receiving a gift by the malintent of the giver alone. That this is unfair and repugnant is self-evident. These are serious deficiencies which also deny to one the equal protection of the law as guaranteed by the Constitution.
Again appropriate is People v Berck (32 NY2d 567, 570, supra), "In other words, this additional language does not condemn any identifiable act or omission or restrict the operation of the statute to a particular place or a clearly defined set of circumstances but, rather, it merely indicates that a person may be held for loitering if suspicion of criminality happens to be created in the mind of the arresting officer” and (p 571), "Not only is subdivision 6 of section 240.35 of the Penal Law unconstitutionally vague for the reason that it fails to give adequate notice of the conduct to be avoided and punished but also because it places virtually unfettered discretion in the hands of the police and thereby encourages arbitrary and discriminatory enforcement. (See, e.g., Papachristou v. City of Jacksonville, 405 U.S. 156, 168-171, supra; see, also, Amsterdam, Federal Constitutional Restrictions on the Punishment of Crimes of Status, Crimes of General Obnoxiousness, Crimes of Displeasing Police Officers, and the Like, 3 Crim. L. Bull. 205, 220-224.)” "In short, the absence of any ascertainable standards governing arrest and conviction under the statute renders fair, even-handed administration of the law a virtual impossibility.” (People v Berck, supra, pp 571-572.)
The rationale of the second prohibition of section 805-a in permitting the acceptance or receipt of a gift of $25 or more under any circumstances whatsoever is most questionable. As written, it is at least capable of circumvention by those inclined to accept or receive gifts of $25 or more whatever the circumstances. If there exists any worthwhile reason why society ought to permit its officials to receive or accept any gift under the arbitrary $25 figure, such can be assured by eliminating the troublesome language and circumstances in issue and absolutely prohibit the receipt or acceptance of any gift of $25 and over. Be that as it may, it is not the province of this court to pass judgment in this regard — nor will it. Suffice it to say the evils to be avoided under the statute are valid and meritorious, in fact, most necessary to a proper and orderly function of the business of government; nevertheless, such must be done within the confines of the Constitution. In *10 Adelman v Adelman (58 Misc 2d 803) it was stated that the intent and purpose of the act is not in dispute; however, the verbiage in question is not plain, unclear and ambiguous. So too in the case at hand, the intent and purpose of the second prohibition is not in issue but rather it is the language that is in issue.
The verbiage under scrutiny in this case meets none of the tests set forth in the cases cited in this decision no matter how one strains to construe or interpret the same in a favorable manner to uphold its validity. Unless a statute is clearly unconstitutional, the courts, in determining validity, may not ignore the legislative opinion of validity. (People v Crane, 214 NY 154, 167.)
The court, ever mindful of these rules and regulations, to wit: presumption of constitutionality, legislative opinion of validity, construction that upholds constitutionality and the like, finds the second prohibition nevertheless unconstitutional. In People v Epton (19 NY2d 496) it was held that it is the policy of the courts of this State to construe statute in such a manner as to uphold the constitutionality if such can properly be done. A like holding was had in Matthews v Matthews (240 NY 28) wherein the court stated that it was well aware of its duty to adopt a construction of a statute that will bring it into harmony with the Constitution if the statutory language will so permit. This court cannot do otherwise than to hold as it does herein. The constitutionality of an act, moreover, depends upon its real character and on the end design to be accomplished rather than on its title or the professions of purpose, which it may contend and therefore declaration is not conclusive upon the court. (Matter of Jacobs, 98 NY 98.)
Alluding to Attorney-General Lefkowitz’s said memorandum for the Governor wherein he opines: "I find no legal objection to this bill” (referring to section 805-a of the General Municipal Law), the same is not useful or of any aid to the court inasmuch as the Attorney-General fails to set forth any reasons supporting his opinion nor is it binding in any event.
As to the District Attorney’s final contention that courts of first instance should not, in effect, pass on the question of constitutionality of a statute, the court feels it is unavoidable in this case and its duty to do just that since the statute under consideration is violative of one’s rights on the face thereof. "It is just as much the duty of the court of first instance to *11 declare invalid and prevent clear violations of the Constitution by legislative enactment as it is the like duty of the court of last resort upon appeal, and this duty should not be evaded by the trial judge by casting the responsibility upon appellate tribunals.” (People ex rel. Wogan v Rafferty, 77 Misc 258, 263, affd 154 App Div 767, revd on other grounds 208 NY 451.)
In conclusion, the court interprets the statute to be read in the disjunctive delineating as afore-mentioned, the distinction between the two conducts so prohibited and as such, is severable. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 150, subd d.) Also: "a statute may be constitutional in part and unconstitutional in part, and the invalid part may be severed from the remainder, if after the severance the remaining portions are sufficient to effect the legislative purpose deducible from the entire act, construed in the light of contemporary events.” (Matter of McGlone, 258 App Div 596, 602, revd on other grounds 284 NY 527, affd sub nom. Irving Trust Co. v Day, 314 US 556.) The first prohibition, being constitutional, is retained, while the second prohibition, being unconstitutional, is to be severed from section 805-a of the General Municipal Law of the State of New York, and of no force and effect.