William E. J. CornsroB, J.
The defendant appellant was convicted in the Justices’ Court of the Town of Germantown for violation of the provisions of subdivision 1 of section 15 of the Vehicle and Traffic Law of the State of New York, the pertinent provisions of which read as follows: “ Every such motor vehicle, also, shall have a suitable muffler or device to prevent unnecessary noise from exhaust gases ”. From this conviction the defendant appeals to this court. The basis of the appeal is that the statute is unconstitutional in that it does not set up a sufficiently certain standard and is not sufficiently explicit to inform those who may become subjected to its penalty as to what conduct on their part will render them liable.
It is a well-recognized principle of law that a statute which either forbids or requires the performance of a certain act in language so vague that men of common experience and intellect must necessarily guess at its meaning, and among them may differ as to its application, violates the first essential of due process of law. (International Harvester Co. v. Kentucky, 234 N. S. 216; Collins v. Kentucky, 234 N. S. 634.) The basis of such a holding comes from our own ordinary conception of fair play.
The question of when the language of the statute is sufficiently definite and certain is the problem presented in this case, as it has been on many other occasions in the courts of this State and in the United States Supreme Court.
The Court of Appeals of this State has stated that statutes which create crimes must be definite, specifying conduct which is condemned or prohibited. They must afford some comprehensible guide, rule or information as to what must be done and what must be avoided, to the end that the ordinary member of society may know how to comply with its requirements. (People v. Grogan, 260 N. Y. 138.) In the Grogan case the court was construing a statute which defined reckless driving as unnecessarily endangering or unnecessarily interfering with the use of the highway. The court concluded that the word ‘ ‘ unnecessarily ” does not prescribe any standard of conduct.
In the case at bar we are dealing with the physical equipment of a motor vehicle. What the statute prohibits is unnecessary *1071 noise. There was nothing defective about the muffler. It was a muffler in standard use in this State that can be purchased at any automobile accessory shop or garage. It was difficult on the trial for the trooper to describe the noise, but he said that trucks in operation upon the highway make more noise. The statute does not differentiate between trucks and other motor vehicles, yet the trooper testified that it was not the practice to arrest the drivers of trucks which made more noise than came from the car of the defendant. It would seem, therefore, that the statute as written is susceptible to a dual interpretation, one application to trucks and one to pleasure cars. There may be an excuse for the loose language of the statute when the statute deals with human conduct. But here we are dealing with physical equipment and upon the subject of mechanical devices and sound which can be measured in definite quantities and a standard could well be established which would prohibit noise in excess of a given number of decibels, or the Legislature could well prescribe other certain definite standards to be complied with in the manufacture and sale of mufflers.
The gravamen of a statute subject to such loose and free interpretation is that it gives unwarranted power to law-enforcement officers. For some time the court has hesitated in the conclusions here reached because many of the other sections of the Vehicle and Traffic Law and other penal statutes might by inference also be declared unconstitutional. But a recent decision of the highest court in this State, People v. Firth (3 N Y 2d 472), convinces the court of the soundness of its conclusion. In that case the court declared that subdivision 1 of section 56 of the Vehicle and Traffic Law, which provides that no person shall operate a motor vehicle or a motorcycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a greater speed than will permit such person to bring the vehicle to a stop without injury to another or his property, was unconstitutional for the reason that the statute was not on its face sufficiently informative. In that case the court said (p. 474): “ We agree with the County Judge that this subdivision 1 of section 56 is too vague and indefinite to constitute a sufficient definition of criminal conduct and that it contains no sufficient standard by which a driver’s conduct may be tested. One could go further and say that the statutory verbiage is practically meaningless.”
All that the Court of Appeals said in its opinion in People v. Firth (supra) could be said of the statute here involved, and the judgment of conviction appealed from is therefore reversed.