Archibald C. Wemple, J.
The defendant was arrested on April 5, 1958, charged with violation of subdivision 1 of section 15 of the Vehicle and Traffic Law (inadequate muffler) and section 95-b (crossing white solid line or lines). On the trial, the only testimony of inadequacy of the muffler was the statement of the State trooper that the noise from the exhaust of the *19 defendant’s ear was loud or excessively loud. There was no proof that the muffler was not in proper working order, that it was defective or used a ‘ ‘ cutout ’ ’.
This court concurs with the opinion of Honorable William E. J. CorrrroB, expressed in People v. Zanchelli (8 Misc 2d 1069). The statute under which this defendant was arrested is unconstitutional in that it fails to set up any standards sufficient to define a violation thereof. To permit a conviction to stand based upon the “ hearing ” of one individual even though he be a State trooper, permits too much interpretation of violation to vest in a law-enforcement officer. It is also to be noted that the new provision of the Vehicle and Traffic Law (§ 15, subd. 31) in effect July 1, 1959, relating to mufflers, corrects the error found in the law under consideration by setting up standards and definitions covering prevention of excessive noise emanating from mufflers.
As to the alleged violation of section 95-b of the Vehicle and Traffic Law, this court finds that the evidence produced by the People fails to prove the defendant guilty beyond a reasonable doubt; that the information filed herein in this court is vague, indefinite and defective, and that there were errors of law committed by the Trial Justice, all of which warrant the dismissal of the information relating to this violation.
Specifically, the testimony as to the crossing of a solid line or lines, by the State trooper, was rebutted to the extent that a reasonable doubt was raised by the defendant. The refusal of the Trial Justice to admit the photographs in evidence, was an error. The information was vague, indefinite and defective in that from a reading* of the text the defendant could not determine whether he was charged with the crossing of a single solid white line, double solid white lines, a solid white line and a broken white line, or a combination of the foregoing.
The information must be specific in charging a violation so that the defendant will be informed as to what charge he must meet on the trial thereof.
There were other errors of law in rulings upon the defendant’s motion to admit exhibits in evidence and in other rulings at the trial.
Based upon the above findings, this court reverses the conviction of this defendant dated May 21, 1958, remits the fines imposed and directs that the convictions be expunged from the records of the Bureau of Motor Vehicles of the State of New York.
Submit order accordingly.