Joseph F. Gagliardi, J.
This is a proceeding (CPLR, art 78) to annul a determination dated June 28, 1965 of the Board of Zoning Appeals of the Village of Briareliff Manor, which found *667 the noise emanating from petitioner’s refrigeration and air conditioners to he excessive. Thereupon, the board gave petitioner “sixty (60) days * * * in which to take any necessary steps to accomplish the reduction of said noise to reasonable levels in the opinion of this Board, and in the event of their failure to do so within said period all certificates of occupancy on said premises shall be revoked forthwith.”
Petitioner owns a small shopping center in a commercial zone, for which it had obtained a “ temporary” certificate of occupancy. Sidney Shaievitz and John G. Ferreri own two homes in the residential area which abuts to the rear. They complained of the noise emanating from the refrigeration compressors and air conditioners on the premises and eventually brought proceedings in the Board of Zoning Appeals to cancel the temporary certificate of occupancy.
An extensive public hearing was conducted. The owners and expert witnesses testified and the board personally viewed the premises. The board found that the noise was audible in Mr. Schaievitz’ cellar with the door closed. The readings of audio instruments placed the noise at levels similar to that of four piston-engined aircraft passing overhead at 1,000 feet or a locomotive with cars passing at 200 feet.
The board’s finding that the noise constitutes a “private nuisance ” cannot be ruled as arbitrary or capricious. Bather, the problem is whether the board had the power to intervene in the way it did and whether the ordinance is too vague for enforcement.
The applicable provision is contained in the “ Schedule limiting the use of buildings and land ” under “ Betail Business B1 District.” It reads in pertinent part as follows: “no operation shall be permitted which would be offensive, obnoxious or detrimental by reason of vibration, dust, fumes, odor, noise, lights or traffic generation and resultant congestion ’ ’.
A Board of Zoning Appeals must be furnished a sufficient standard or rule by which its actions are to be governed (Matter of Little v. Young, 274 App. Div. 1005, affd. 299 N. Y. 699). The issue is whether the above language supplies such standards or rules. Surprisingly enough, neither counsel nor the court’s research has supplied conclusive New York precedents. The basic difficulty with a statute in the form before this court Avas forcefully stated by the 'Supreme Court of Florida: “ Objectionable to whom? * * * Take noise for example, it might be said that it is objectionable in some degree to any adult with good hearing. As a general proposition, the less noise the better. * * ° Such a test, which is in reality no test at *668 all * * * places the owner of a business property wholly at the whim and mercy of his neighbors ”. (Phillips Petroleum Co. v. Anderson, 74 So. 2d 544, 548 [Sup. Ct. Fla., Spec. Div. B, 1954].)
There, the court struck down an ordinance which permitted certain uses provided they were not injurious “by reason of the objectionable emission of cinders, dust, dirt, fumes, gas, odor, noise, refuse matter, smoke, vapor, vibration or similar substances or conditions ” (p. 545).
But other eminent authority has ruled to the contrary (see, e.g., Ours Props. v. Ley, 198 Va. 848 [Sup. Ct., Va., 1957]; Walls v. City of Guntersville, 45 So. 2d 468 [Sup. Ct., Ala., 1950]). They take the view that such statutory (nuisance) language is commonly understood by the public. Moreover, this is the industrial age where protection of the public must be often entrusted to administrative officials. They point out that it would be improper to confine them to minute details in the area of offensive uses of land. In addition, they note that it should be presumed that the public officials will act honestly and according to law.
This court must attempt to strike a balance between “ straitjacketing ” public officials and ensuring rule of law rather than by caprice. The court is persuaded of the need for flexibility in this general area. Local authorities such as respondent board are faced with a subtle, difficult and growing problem in protecting residents from the effects of noise. Nevertheless, the legislative body should strive for certainty wherever it is feasible. The court has noted the testimony of the audio experts and their means of measuring noise which is a physical force (see People v. Zanchelli, 8 Misc 2d 1069 [County Ct., Columbia County, 1957]). Both the State Legislature and a local legislative body have acted on this problem by defining maximum limits of noise in certain areas by decibels and frequency ranges (see Vehicle and Traffic Law, § 386, eff. Oct. 1, 1965; Town of Hempstead Ordinance No. 125, eff. March 31,1964). Under these circumstances, the court rules that more effective standards are feasible and necessary in the area of noise control than are presented by the instant ordinance. This ordinance is almost completely subjective in its terms, and the court is constrained to rule that it is invalid. Accordingly, the determination is annulled.