Keating, J.
This appeal is here by leave of a Judge of this court from an order of the County Court of Chautauqua County (O’‘Connor, J.) which held unconstitutional for vagueness subdivision 31 of section 375 of the Vehicle and Traffic Law pertaining to motor vehicle mufflers, reversed the conviction and remitted the fine imposed by a Justice of the Peace in the Town of Poland.
*66 On May 28, 1964 defendant was stopped by a State trooper and issued a uniform traffic ticket charging him with violating subdivision 31 of section 375 of the Vehicle and Traffic Law which provides: ‘ ‘ Mufflers. Prevention of noise. Every motor vehicle, operated or driven upon the highways of the state, shall at all times be equipped with an adequate muffler in constant operation and properly maintained to prevent any excessive or unusual noise and no such muffler or exhaust system shall be equipped with a cut-out, bypass, or similar device. No person shall modify the exhaust system of a motor vehicle in a manner which will amplify or increase the noise emitted by the motor of such vehicle above that emitted by the muffler originally installed on the vehicle and such original muffler shall comply with all the requirements of this section.”
This appeal involves the validity of the first sentence only.
At the hearing, the trooper supplied a bill of particulars alleging that defendant operated his 1958 Studebalcer without an adequate muffler, that the vehicle made a loud noise much in excess of the noise made by other vehicles which passed, that the muffler was in a bad state of repair and that defendant admitted it was in a bad state of repair and had been for some time. The Court of Special Sessions of the Town of Poland convicted the defendant and imposed a fine.
On appeal, the County Court reversed, holding that the verbiage of the statute was too vague and indefinite to give clear, positive and unequivocal warning of the rule to be obeyed.
The prosecution in this case was for a “ traffic infraction ”, not a crime, but such a prosecution is penal in nature and the rules of criminal law are generally applicable. (People v. Lewis, 13 N Y 2d 180.) As the County Judge stated, a criminal statute must be sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed. It is also true, of course, that all presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity.
The predecessor to subdivision 31 of section 375 provided that every vehicle “ shall have a suitable muffler or device to prevent unnecessary noise from exhaust gases ”. The constitutionality of this provision was- challenged in County Courts in People v. Zanchelli (8 Misc 2d 1069) and People v. Sisson (12 *67 Mise 2d 18) and in each ease the provision was held unconstitutional. The courts found that the provision was vague and susceptible to a dual interpretation, one application to trucks and one to pleasure cars, and that it contained no sufficient definition of criminal conduct. The defendant argues — and the lower court agreed—that the current provision is equally vague and similarly unconstitutional.
It is our opinion that the statute in question states with sufficient clarity the rule which is to be obeyed. The test is Avhether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.
The evil sought to be prevented is “ excessive or unusual noise ”. What is usual noise in the operation of a car has become common knowledge and anything in excess of that is excessive or unusual and any ordinary motorist should have no difficulty in ascertaining whether or not excessive or unusual noise accompanied the operation of his vehicle. The purpose of the statute, as made clear on its face, is not to prohibit noise but to minimise noise. We think the statute sufficiently describes the evil to be prevented and informs the motorist of his duty, not to eliminate all noise, but to have a properly maintained muffler to prevent unusual noise. When his muffler is in such a state of disrepair that the noise exceeds the usual level, the motorist has violated the statute.
The words of the Supreme Court upholding an ordinance prohibiting the use of instruments emitting " loud and raucous noises ” are applicable here: “ While these are abstract words, they have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden.” (Kovacs v. Cooper, 336 U. S. 77, 79 [1949].)
It is of much interest that, while defendant relies on Zanchelli and Sisson {supra) and argues that the present statute is no clearer than its predecessor, the court in Sisson specifically stated that the present statute, passed subsequent to the Adulation therein considered, “ corrects the error found in the law under consideration by setting up standards and definitions cov *68 ering prevention of excessive noises emanating from mufflers.” (Supra, p. 19; emphasis added.) We agree.
Defendant also contends that the statute was arbitrarily applied to various vehicles and, therefore, violated the constitutional guarantee of equal protection of the laws. In support, he points to testimony indicating that trucks, motorcycles and certain passenger cars would make noise equal to that made by defendant’s automobile and yet not be considered in violation of the statute. Finally, defendant argues that the enactment in 1965 of section 386 of the Vehicle and Traffic Law* was a conscious attempt of the Legislature to supply the missing objective standard of the precise quantity of noise prohibited.
In each of these arguments defendant has failed to grasp the real purpose of the statute. The statute is not a noise statute but a motor vehicle statute and is found among the provisions regulating vehicle equipment. It does not attempt to prohibit noise or to set a fixed level of noise which no vehicle may exceed. Instead, the Legislature, recognizing that all vehicles make some noise, has seen fit to impose upon each motorist the duty to keep the noise of his vehicle at a minimum. The fact that a truck may make more noise than defendant’s vehicle and not violate the statute is not vital. The vital point is that the duty upon all motorists to provide a muffler which will prevent noise greater than the usual noise from the exhaust system of their particular vehicle is exactly the same and the statute applies equally to all. It is this duty which defendant failed to obey when he operated his vehicle with an admittedly defective muffler causing noise which was very loud and sounded like a car with no muffler. If a truck were operated with a similarly defective muffler which increased the usual noise of the truck, it too would be in violation of the statute. It is the adequacy of the muffler which applies equally to all vehicles and not the absolute quantity of noise.
*69 The addition of section 386 was not an attempt to shore up subdivision 31 of section 375. On the contrary, it makes no effort to amend the earlier provision and the two are meant to stand side by side. One now sets a limit beyond which no vehicle noise may go while the other requires each motorist to minimize the noise his particular vehicle makes within that limit.
It should also be noted that the States of Texas and California have statutes virtually the same as subdivision 31 of section 375, and the courts in those States have upheld the constitutionality of them. (Department of Public Safety v. Buck, 256 S. W. 2d 642 [Tex. Civ. App., 1953]; Smith v. Peterson, 131 Cal. App. 2d 241 [Dist. Ct. of App., 1955].)
For the reasons stated, we reverse the County Court order. Since that order states that the judgment of conviction of the Justice Court was reversed “for errors of law and fact,” we must remit the matter to the County Court for further proceedings in accordance herewith.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Soileppi and Bergan concur.
Order reversed and matter remitted to the County Court for further proceedings not inconsistent with the opinion herein.

 That provision provides: “2. A motor vehicle which produces a sound level of eighty-eight decibels or more on the ‘A’ scale shall be deemed to make or create excessive or unusual noise.
(a) * * * The microphone shall be placed at a distance of fifty feet plus or minus two feet from the center of the lane in which the vehicle is traveling.
(b) Measurements of sound pressure level shall be made at speeds of less than thirty-five miles per hour.”