C. Behh Forsyth, J.
The defendant was given a uniform traffic summons for a noisy muffler on a motorcycle in violation of subdivision 1 of section 381 of the Vehicle and Traffic Law.
The wording of subdivision 1 of section 381 is the same as the wording of former subdivision 1 of section 15, which was held to be unconstitutional in People v. Zanchelli (8 Misc 2d 1069) and People v. Sisson (12 Misc 2d 18). The Legislature repealed subdivision 1 of section 15 and enacted subdivision 31 of section 375 establishing a new standard for muffler noise regulation. The Court of Appeals in People v. Byron (17 N Y 2d 64) has held the new subdivision 31 of section 375 constitutional. It *581 would, therefore, appear that serious doubts exist as to the validity of subdivision 1 of section 381 of the Vehicle and Traffic Law which should be remedied by the Legislature.
This court, however, has elected not to decide the constitutional issue (cf. Smith v. Schnabel, 61 Misc 2d 628). This case may be resolved on other grounds.
The testimony in the case at bar failed to disclose any defect or break in the motorcycle muffler. The People attempted to prove their case merely by showing the cycle was noisy. The officer’s testimony was that when the cycle accelerated he could not hear his radio. The People failed to meet their burden of proof.
The Court of Appeals in People v. Byron (17 N Y 2d 64, 67, supra) stated that it was constitutional to prohibit “ excessive or unusual noise ”. The prohibition is not of all noise, but only unusual noise. To establish such an offense the People must show either a decibel rating above that allowed by law under section 386 of the Vehicle and Traffic Law, or that the vehicle in question made noise in excess of what was usual for vehicles of its class (cf. People v. Byron, supra p. 68). The mere showing that a vehicle made noise is insufficient.
The charges in the case at bar are, therefore, dismissed.