Lawrence Newmark, J.
This action was brought by the People against the defendant for an alleged violation of subdivision 28 of section 375 of the Vehicle and Traffic Law which provides: "No person shall operate upon a public highway a vehicle which emits unnecessary smoke or unnecessary offensive vapors.”
Prior to the commencement of the trial the defendant moved to dismiss on the ground that the statute is unconstitutionally vague.
This is a case of first impression, at least as far as reported decisions are concerned. However, it can be dealt with by analogy to a similar provision of the Vehicle and Traffic Law.
Although the violation charged herein is a mere traffic infraction the standards to be applied in determining whether the action to be prohibited is defined with sufficient clarity to give clear warning of the rule which is to be obeyed is the same as that for criminal charges. (People v Firth, 3 NY2d 472; People v Hildebrandt, 308 NY 397.)
Subdivision 1 of section 15 of the New York Vehicle and Traffic Law prior to July 1, 1959 read as follows: "Every such motor vehicle, also, shall have a suitable muffler or device to prevent unnecessary noise from exhaust gases.” (See People v Zanchelli, 8 Misc 2d 1069.)
Two decisions, People v Zanchelli (supra) and People v Sisson (12 Misc 2d 18) both held the above-quoted statutory language to be unconstitutionally vague.
The language was thereafter changed by the Legislature (L 1958, ch 630) effective July 1, 1959 to read in part: "Every motor vehicle, operated or driven upon the highways of the state, shall at all times be equipped with an adequate muffler *984 in constant operation and properly maintained to prevent any excessive or unusual noise” (Vehicle and Traffic Law, § 375, subd 31.)
The constitutionality of subdivision 31 of section 375 of the Vehicle and Traffic Law has since been ruled upon by the Court of Appeals in People v Byron (17 NY2d 64). In its decision the court dealt with the words "excessive or unusual noise” and stated (p 67): "The evil sought to be prevented is 'excessive or unusual noise’. What is usual noise in the operation of a car has become common knowledge and anything in excess of that is excessive or unusual and any ordinary motorist should have no difficulty in ascertaining whether or not excessive or unusual noise accompanied the operation of his vehicle. The purpose of the statute, as made clear on its face, is not to prohibit noise but to minimize noise. We think the statute sufficiently describes the evil to be prevented and informs the motorist of his duty, not to eliminate all noise, but to have a properly maintained muffler to prevent unusual noise. When his muffler is in such a state of disrepair that the noise exceeds the usual level, the motorist has violated the statute.”
Clearly, it could be argued by analogy that the statute herein (Vehicle and Traffic Law, § 375, subd 28) has as its purpose not the prohibition of smoke or vapors but rather the minimization thereof. However, the basic issue before the court is whether the statute is sufficiently clear so that the ordinary motorist is apprised of the amount of smoke or vapor which would violate the statute.
It might be argued that subdivision 28 of section 375 of the Vehicle ánd Traffic Law adequately describes the offense because it utilizes not only the word "unnecessary” but also "offensive”. In analyzing this, however, the court fails to see how the word "offensive” is any clearer, more specific or less abstract than the word "unnecessary” nor even that the use of the two words in combination makes the offense any clearer. In any event "offensive” is not used to describe the extent of the deviation from the norm, but is used in conjunction with "vapors” as an alternative to "smoke”. All of the arguments which resulted in the decisions in People v Zanchelli (supra), and People v Sisson (supra), apply equally well to the case at bar.
The court in People v Byron (supra), found that there was a sufficient standard contained in subdivision 31 of section 375 *985 of the Vehicle and Traffic Law because the Legislature had utilized the phrase "excessive or unusual” and thus, the comparison could be made with the commonly known and accepted standards of noise related to the operations of motor vehicles. The Legislature has wholly failed to furnish comparable standards as to smoke or vapors. It would appear to this court that it would not be an undue burden for the Legislature either directly or by means of a statute directing action by the Commissioner of Motor Vehicles in his regulations, to establish a simple color chart showing the prohibited colors of smoke and offensive vapors and to otherwise more clearly describe the nature of smoke and offensive vapors which are prohibited.
This court finds that subdivision 28 of section 375 of the Vehicle and Traffic Law of the State of New York is unconstitutionally vague. Therefore, defendant’s motion to dismiss is granted.