Joseph R. Glownia, J.
On July 12, 1976, the defendant, Peter A. Gubala, was arrested in the Town of Cheektowaga by Officers Thomas Krantz and R. Zastempowski. The defendant was charged with violating Cheektowaga General Town Ordinance No. 4.
A nonjury trial was held on December 28, 1976 before which the defendant moved to dismiss the charge on the grounds that the ordinance in question is too vague and its applicability is overbroad. The court reserved decision.
At the trial, Officer Krantz testified that he and his partner went to 35 Zorerb Avenue pursuant to a complaint. As they arrived at the address parking their vehicle on the street, they saw the defendant in the garage doorway with a "blow torch type of device” in his hand. From approximately 60 to 70 feet away, they could see a dust cloud in the air, flowing in a southerly direction. The cloud looked like a stream of smoke or cloud coming from the garage. The officer testified that as they approached the particles which he described as "gritty” were visible in the air and they could smell an offensive odor. The defendant stated to them that he was sandblasting a car.
Zorerb Avenue is a residential street and the address in question is a residential home with a detached garage. There were no fans nor any filtering system being operated in the garage.
Cheektowaga General Town Ordinance, No. 4, in part, states as follows: “SMOKE, NOXIOUS GASES, DEPOSITS, WASTE,. ETC. The unnecessary emission of smoke, noxious gases, deposits, dust, trade-wastes and other pollutions from buildings, engines, locomotives and other sources, is hereby declared to be a nuisance. No person, firm or corporation shall *191 cause the unnecessary emission of smoke, noxious gases, deposits, dust, trade wastes and other pollutions from his or its buildings, engines, locomotives, and other sources.”
It is the defendant’s contention that the word "unnecessary” in the ordinance is too vague in that what is necessary in one case may be unnecessary in another, thus leaving too great of a possible interpretation to the trier of fact.
It is a well-settled principle of law that ordinances are presumed to be constitutional and the burden is on the party attacking the statute to show unconstitutionality beyond a reasonable doubt. (Wiggins v Town of Somers, 4 NY2d 215; Snyder v Town Bd. of Town of Oyster Bay, 27 Misc 2d 844.)
It is equally clear that where greater than one possible interpretation of a statute exists, the court is bound to accept the construction which will uphold the constitutionality of the statute. (People v Finkelstein, 9 NY2d 342; Matthews v Matthews, 240 NY 28.)
The defendant cites People v Grogan (260 NY 138), as authority for the proposition that the word "unnecessarily” does not prescribe any standard of conduct and is, therefore, constitutionally vague. The Court of Appeals in Grogan, however, in ruling on the similar wording in the Vehicle and Traffic Law noted the presumption of constitutionality and went beyond its finding that the word "unnecessarily” did not proscribe any standard of conduct. In affirming the conviction, the court stated (p 149): "Therefore, in order to render these two provisions of section 58 of the Vehicle and Traffic Law constitutional and provide for them a standard or measure of conduct, we must read the words 'unnecessarily interferes’ or 'unnecessarily endangers,’ as 'unreasonably interferes’ or 'unreasonably endangers,’ which means 'interferes with or endangers the user of the highway through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person.’ ”
Thus, in order to uphold the constitutionality of the statute, the court interpreted the word "unnecessarily” to mean "unreasonably.”
In People v Byron (17 NY2d 64), the Court of Appeals used a similar method to uphold the constitutionality of subdivision 31 of section 375 of the Vehicle and Traffic Law, which states that vehicles must be equipped with adequate mufflers to prevent any "excessive or unusual” noise. The predecessor to that section used the wording "unnecessary noise” and the *192 court noted People v Zanchelli (8 Misc 2d 1069) and People v Sisson (12 Misc 2d 18), which held "unnecessary” to be vague and susceptible to dual interpretation.
In Byron, (supra), the defendant argued that the new wording "excessive or unusual” was equally vague and, therefore, unconstitutional. However, the court, as it did in Grogan (supra) said (p 67) that the "test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him.” Thus, it upheld the constitutionality of the ordinary words "excessive or unusual noise.”
While the Court in Byron (supra) agreed (pp 67-68) with the language in Sisson (supra) that the new wording of the statute "corrects the error found in the law under consideration by setting up standards and definitions covering prevention of excessive noises emanating from mufflers,” it cannot be interpreted as saying the ordinary word "unnecessary” is incapable of a constitutional meaning.
When again directly faced with the word "unnecessary,” the Court of Appeals in People v Swist (35 NY2d 920) found the language constitutional as applied to smoke pollution. In that case, the court, citing Byron (supra), affirmed a conviction under Vehicle and Traffic Law (§ 375, subd [28]) which provided that: "No person shall operate upon a public highway a vehicle which emits unnecessary offensive vapors”.
While it is well understood that to be constitutional a statute must clearly define the conduct which is proscribed, the use of ordinary language such as the word "unnecessary” does not render a statute unconstitutional when used in such terms so as to prohibit a course of conduct which is based on a standard that can be readily ascertained in everyday terms.
The term unnecessary may be used to define a standard if the intent of the statute as it is here, is to prohibit a conduct which is something in excess of what is well understood to be the norm by a reasonable man through everyday knowledge.
Therefore, the unnecessary discharge of pollutants under the Cheektowaga Town Ordinance is that discharge which is greater than the amount considered to be reasonable with regard to the particular activity.
From the facts set out above, the defendant unnecessarily discharged pollution into the air by sandblasting. The evidence showed that the defendant permitted sand to discharge into the air without benefit of ventilator fans nor any type of *193 filtering system and without any precaution to prevent the nuisance thus created.
Based upon the above, the defendant is found guilty and is to appear for sentencing on January 28, 1977.