Edward M. Saltzman, Esq. Corporation Counsel, Port Chester
You inquire whether a village is authorized to adopt a local law controlling noise and, if so, what activities can be regulated within the ambit of such a local law. You also ask what standards should be used in defining "noise".
Local governments have the power to adopt local laws not inconsistent with the Constitution or any general laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (NY Const, Art IX, § 2[c] [10]). This is the constitutional grant of the police power to local governments (see also Municipal Home Rule Law, § 10 [1] [ii] [a] [12]). We believe that a local law regulating noise in a village is an exercise of this grant of police power. While it is inappropriate for us to suggest those activities that can be regulated within the context of a local law regulating noise, since these are legislative considerations for your board of trustees based upon local conditions, we will provide some guidance.
The exercise of the police power is limited by the requirement that it be reasonable (People v Goodman, 31 N.Y.2d 262 [1972]). The test of reasonableness is whether the local enactment is reasonably related to a legitimate governmental purpose (ibid.). A legitimate governmental purpose is one which promotes the public health, safety and well-being (French Inv. Co. v City of New York, 39 N.Y.2d 587 [1976], cert den429 U.S. 990 [1976]. The local legislative body must determine, based upon local conditions, whether the activities proposed to be regulated by the noise control law, will promote the public health, safety or welfare. An exercise of the police power that is appropriate in one community may be inappropriate in another because of varying population density, natural resources and other distinguishing factors (cf. People vGoodman, supra).
It is necessary that a local law regulating noise establish standards for determining what constitutes noise. Generally, a statute is void for vagueness if it fails to give a person of ordinary understanding fair notice that his contemplated conduct is forbidden (ibid.). Where the noise to be regulated is capable of quantitative definition, a statute providing definitions in general terms may be found invalid (Matter ofKenville Corp. v Bd. of Zon. Ap., 48 Misc.2d 666 [Sup Ct, Westchester Co., 1969]; see also Beaver v The Borough of Johnsonburg, 410 F. Supp. 556
[USDC, WD Pa, 1976]). On the other hand some noise may be incapable of quantitative measurement, such as a barking dog. In this case the enactment should provide a definition that is as specific as possible, even though of necessity it is in qualitative terms.
We conclude that a village is authorized to adopt a local law regulating noise.