OPINION OF THE COURT
Max Sayah, J.
The defendant Alpha Harris has moved, pursuant to CPL 170.30 (1) (a) and 170.35 (1) (c), to dismiss the charge against him of exposure of a person, in violation of Penal Law § 245.01. Mr. Harris contends that section 245.01 is so over-broad, vague and ambiguous as to violate his rights of due process of law as guaranteed by the US Constitution 14th Amendment. In effect, he attacks the constitutionality of the statute. For the reasons set forth, we deny the defendant’s motion.
FACTS
The People have alleged that on January 29, 1985, Police Officer Witherspoon observed the defendant expose his penis on a subway train. The officer followed the defendant onto the "F” train at the 34th Street and Lexington Avenue station. The defendant then exposed his naked erect penis to a female witness, who is a complainant in this case. The complainant pushed the defendant off the train at which time Officer Witherspoon placed him under arrest.
*578 DISCUSSION
Penal Law § 245.01, a violation, states in part: "A person is guilty of exposure if he appears in a public place in such a manner that the private or intimate parts of his body are unclothed or exposed.”
When considering a claim by a defendant that a statute is unconstitutional, a court must consistently seek an interpretation of a statute and regulation thereof which supports the constitutionality of an act of the Legislature. Further, in order to declare a law unconstitutional, the invalidity of the law must be demonstrated beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333, 337; see also, Boyce Motor Lines v United States, 342 US 337 [1952].)
The notion of due process requires that sanctions be imposed on an individual only if he as: "a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding.” (People v Byron, 17 NY2d 64, 67; Rose v Locke, 423 US 48; People v Scott, 26 NY2d 286.) The test* of a statute’s vagueness for due process purposes is to be made with respect to the actual conduct of. the actor who attacks the statute and not with respect to hypothetical situations at the periphery of the statute’s scope or with respect to the conduct of other parties who might not be forewarned by the broad language. (See, United States v Powell, 423 US 87, 93 [1975]; United States v Mazurie, 419 US 544, 550 [1975]; Parker v Levy, 417 US 733, 756 [1974] ["One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.”])
In determining the sufficiency of the notice, a statute must of necessity be examined in the light of the conduct with which the defendant is charged. (United States v National Dairy Corp., 372 US 29 [1963].)
Statute language may be likened to a series of concentric circles with a bull’s eye center. In doubtful cases, represented by the outer circles, the Supreme Court has said that "the law is full of instances where a man’s fate depends on his estimat *579 ing rightly, that is, as the jury subsequently estimates it, some matter of degree.” (Nash v United States, 229 US 373, 377 [1913].) Even in these grey areas on the periphery of the concentric circles, the actor must estimate his conduct rightly. The grey area may be one in which the actor has standing to attack a statute as vague, but where the actor is in the bull’s eye of the statute, he has committed the very act which the statute was meant to proscribe. This actor cannot complain of vagueness.
In summary, due process implies fairness, meaning that sanctions should not be imposed on an individual if he could not reasonably have known in advance that his questioned behavior had been proscribed.
CONCLUSION
Applying these criteria to Mr. Harris, the sole issue before this court is whether a reasonable man would have known that what the defendant did in this case was conduct proscribed by the statute. We are not required, as argued by the defendant, to conjecture that an inadvertent open shirt by a female or torn pants by a male, which expose private parts of the body, would subject an unwary individual to criminal sanctions. The defendant in this case deliberately exposed his naked penis to a male officer and to a female passenger. Alpha Harris is indeed the bull’s eye of statute — he has allegedly committed the very acts which the statute has been legislated to condemn. This defendant cannot complain that the statute is vague and overbroad.
Mr. Harris’ motion to dismiss the charge against him based on the unconstitutionality of Penal Law §245.01 is in all respects denied.

 The test is otherwise when 1st Amendment rights are involved, which is not true here. (See, United States v Mazurie, 419 US 544 [1975].) At a hearing held before this court, the defendant, Alpha Harris, conceded that he was not basing his claim under the 1st Amendment.