*408 OPINION OF THE COURT
Madeleine A. Fitzgibbon, J.
Defendant seeks dismissal on constitutional grounds of the charges against her, asserting the accusatory instruments are defective because the antinoise ordinance which she is charged with violating, Smithtown Town Code § 207-2 (B) (2), is void for vagueness under the Due Process Clauses in the Fourteenth Amendment of the United States Constitution and article I, § 6 of the New York Constitution (CPL 170.30 [1] [a]; 170.35 [1] [c]).
Each accusatory instrument is a separate charge against defendant for violating Smithtown Town Code § 207-2 (B) (2), in which the phrase "noise disturbance from a barking dog” is defined as "a dog barking for fifteen (15) minutes in any one-hour interval”. Permitting a dog to bark for 15 minutes within a one-hour period is prohibited. The penalty varies according to whether the conduct is a first, second or subsequent offense (Smithtown Town Code § 207-2 [B] [2]; § 207-6). The term "noise disturbance”, incorporated in the definition of a "noise disturbance from a barking dog”, is itself defined earlier in the ordinance as "sound that * * * (B) [disturbs a reasonable person of normal sensitivities” (Smithtown Town Code § 207-1). The nonhearsay allegations are that defendant permitted a dog to bark for more than 15 minutes in a one-hour period in a fenced enclosure, and the barking could be heard across the real property line. The date of each charge is different, as is the time of each occurrence. Three occurred in the morning and one in the evening.
Two preliminary qualifications on the inquiry of the court are noted. Only as a last resort may the court strike down a town ordinance as unconstitutional, for ordinances carry a strong presumption of constitutionality. Although the presumption is rebuttable, one challenging the constitutional validity of an ordinance must demonstrate its unconstitutionality beyond a reasonable doubt (Lighthouse Shores v Town of Islip, 41 NY2d 7). Second, when, as in the case suhjudice, a vagueness challenge is made to legislation which does not proscribe First Amendment rights, the law will be stricken only if it is vague as applied to the individual making the challenge. A hypothetical situation might be devised in which the law would be vague, but unless the First Amendment is implicated the challenge will fail and the law upheld if the law is not being applied to the challenger in the offending hypothetical manner (People v Lerner, 90 Misc 2d 513).
*409 Consonant with the due process principles of the Federal and State Constitutions, an ordinance must contain adequate warning of the conduct proscribed "to assure that citizens can conform their conduct to the dictates of law” (People v Illardo, 48 NY2d 408, 413), and must be drafted in a manner which prevents "arbitrary and discriminatory enforcement by requiring 'boundaries sufficiently distinct’ for police, Judges, and juries to fairly administer the law” (People v Cruz, 48 NY2d 419, 424, quoting United States v Petrillo, 322 US 1, 7). Courts will strike down legislation which does not satisfy these requirements as unconstitutionally vague. The ultimate test, then, when determining whether any statute is vague or not, be the area noise control or any other area, is one of reasonableness, "whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him” (People v Byron, 17 NY2d 64, 67).
Antinoise legislation is particularly vulnerable to constitu-. tional attack on the basis of vagueness, because by their nature the concepts of sound and its volume lend themselves to imprecise standards if care is not exercised, thereby exposing an individual to the risk of prosecution and conviction on nothing but arbitrary complaints from neighbors or the unfettered discretion of law enforcement officials, without the individual receiving adequate warning of what conduct is proscribed to enable him to avoid running afoul of the law. However, even an antinoise statute containing terms commonly considered indefinite will be upheld when it is addressed to a specific, limited context which assigns an acceptably definite meaning to those otherwise inexact terms. For example, a statute requiring mufflers to be maintained " 'to prevent any excessive or unusual noise’ ” withstood a vagueness challenge (People v Byron, 17 NY2d 64, 66, supra). The limited context was the operation of a motor vehicle, and it provided adequate definiteness to the otherwise vague terms " 'excessive’ ” and " 'unusual’ ”, the Byron Court ruling that "[w]hat is usual noise in the operation of a car has become common knowledge and anything in excess of that is excessive or unusual and any ordinary motorist should have no difficulty in ascertaining whether or not excessive or unusual noise accompanied the operation of [defendant’s] vehicle” (People v Byron, 17 NY2d 64, 67, supra). Of course, if no context exists from which imprecise words can be ascribed a reasonably definite meaning, the legislation must be stricken (see, People v New York Trap Rock Corp., 57 NY2d 371, 378-381).
*410 The court holds that Smithtown Town Code § 207-2 (B) (2) is not unconstitutionally vague. Any imprecision which might normally attach to any of the language of the ordinance is not fatal here. As noted earlier, "noise disturbance” is defined in terms of the reasonable man standard, and section 207-2 (B) (2) is addressed to a specific context, barking dogs. This context is further objectified by the requirement that the barking must be heard over the property line for 15 minutes within a one-hour period. Adapting the language of People v Byron (17 NY2d 64, 67, supra), the court is of the view that what constitutes and does not constitute a "noise disturbance” in the context of a dog barking for 15 minutes within a one-hour period is "common knowledge”, and an "ordinary” individual "should have no difficulty in ascertaining whether or not” the barking of defendant’s dog on the occasions forming the bases of the instant prosecutions was a "noise disturbance”. The context clothes any otherwise imprecise or inexact terms with the required definiteness, so that, again to adapt the language of the Byron Court, "a reasonable man subject to [Smithtown Town Code § 207-2 (B) (2)] would be informed of the nature of the offense prohibited and what is required of him” (People v Byron, 17 NY2d 64, 67, supra).
In addition, since the term "noise disturbance” itself is defined in accordance with a standard of reasonableness, the risk of conviction due to the arbitrary whims of a defendant’s neighbors or the unbridled discretion of those charged with the administration of the law is eliminated, the use of the reasonableness standard limiting the application of the ordinance to those noise disturbances "that a reasonable person, under the circumstances, would not tolerate” (People v Bakolas, 59 NY2d 51, 53; see also, People v Hollstegge, 129 Misc 2d 580, 583 [prohibition upheld on " 'excessive or unusually loud sound which * * * disturbs * * * a reasonable person of normal sensitivities’ ”]; cf., People v Kleber, 168 Misc 2d 824, 825 [prohibition stricken which prohibited " 'the keeping of any animals which by causing frequent or long continued noise shall disturb the comfort or repose of any person or persons in the vicinity’ ”; emphasis added]).
The court has examined the remaining assertions of defendant and finds they are without merit. As applied to defendant, the Smithtown Town Code antinoise ordinance, section 207-2 (B) (2), is not unconstitutionally vague. It provides fair notice of the conduct proscribed and uses an objective standard *411 which protects the individual from conviction based on arbitrary complaint or enforcement. Accordingly, the motion to dismiss is denied.