OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
Defendant was charged by simplified information with violating Town Code of the Town of Smithtown § 207-2 (B) (2), alleging that she allowed her dogs to bark for more than 15 minutes cumulatively in the space of an hour. She was convicted after a nonjury trial and fined $50.
Defendant’s contentions on appeal that the ordinance is unconstitutionally vague as applied and that as a result the accusatory instrument is facially invalid are without merit. “Due process requires only a reasonable degree of certainty so that individuals of ordinary intelligence are not forced to guess at the meaning of statutory terms” (Foss v City of Rochester, 65 NY2d 247, 253 [1985]). The noise ordinance at issue is clearly intended to address excessive noise of canine origin, and defines the noise intensity (creating a “noise disturbance across a residential real property line”) and duration involved, stating that “a ‘noise disturbance from a barking dog’ shall be defined as that created by a dog barking for fifteen (15) minutes in any one-hour interval” (Town Code of Town of Smithtown § 207-2 [B] [2]). The statute further defines a “noise disturbance,” in part, as a sound that “[disturbs a reasonable person of normal sensitivities” {id. § 207-1). These expressions of legislative intent take priority over the literal meaning that might be ascribed to otherwise undefined statutory terms where literalism leads to absurd or unreasonable results (Carr v New York State Bd. of Elections, 40 NY2d 556, 559 [1976]; Williams v Williams, 23 NY2d 592, 599 [1969]). Defendant’s arguments, if accepted, would lead to just such a result.
Defendant takes issue with the term “barking,” which is not further defined in the statute, and asks this court to construe “barking” to exclude the “howling” or “yelping” noises that the complainant testified that her dogs were making. This, however, would introduce into the statute the very vagueness *56 infirmity of which defendant complains. A reasonable person can understand that whatever sound their breed of dog customarily makes that meets the other elements of the ordinance constitutes “a noise disturbance from a barking dog.” No rational legislative body would enact an ordinance that permits dogs to “howl,” “yelp,” or “yap” at all hours but not to bark in the narrow sense of the word. “Courts will not blindly construe statutes . . . in a manner which thwarts the obvious legislative intent and reaches unreasonable, absurd and unexpected consequences” (Allstate Ins. Co. v Libow, 106 AD2d 110, 114 [1984], affd 65 NY2d 807 [1985]). For this court to read the statute to exclude high-volume canine self-expression other than “classical barking” would lead only to continual debate over whether a given noise constitutes “barking,” consign enforcement to the unfettered discretion of law enforcement authorities, and thus render an otherwise comprehensible ordinance vague on its face (People v Stuart, 100 NY2d 412 [2003]).
We do not reach the issue, which is unpreserved for this appeal, of whether the ordinance pertaining to barking dogs would be unconstitutionally applied to defendant as an alleged owner of a kennel.
McCabe, EJ., Lifson and Skelos, JJ., concur.