OPINION OF THE COURT
Memorandum.
Order reversed on the law, defendant’s motion to dismiss denied, information reinstated and matter remanded for all further proceedings.
The court below erred in holding that Village of Westbury Code § 168-3 (A) is unconstitutional for vagueness. The “reason-ability” and “reasonable person” standard employed in the definition of a “noise disturbance” (Village of Westbury Code § 168-2) serves to render enforcement of the ordinance more, not less, predictable, as this court recently noted (see People v O’Connell, 4 Misc 3d 54 [App Term, 9th & 10th Jud Dists 2004]; see also People v Frie, 169 Misc 2d 407 [Suffolk Dist Ct 1996]).
It is well settled that an ordinance may penalize “unreasonable” noise under circumstances as defined in the ordinance at issue and that “unreasonableness” is an objective standard of evaluation (see People v Bakolas, 59 NY2d 51, 54-55 [1983], and cases cited therein). There is no constitutional requirement that a decibel meter or other such device be used to determine whether a noise level will be considered illegal. By employing a reasonableness standard, which can be interpreted on the basis of common-life experience, the ordinance provides greater comprehensible notice of prohibited behavior and better implements the legislative intent behind such an ordinance (see People v O’Connell, 4 Misc 3d 54 [2004], supra; People v Frie, 169 Misc 2d 407 [1996], supra).
McCabe, EJ., and Tanenbaum, J., concur; Covello, J., taking no part.