# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**539**
**KA 12-00552**
PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                                  MEMORANDUM AND ORDER

HARVERT STEPHENS, ALSO KNOWN AS HAVERT STEPHENS,
DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR RESPONDENT.

ROBERT P. STAMEY, CORPORATION COUNSEL, SYRACUSE (ANN MAGNARELLI
ALEXANDER OF COUNSEL), FOR CITY OF SYRACUSE, AMICUS CURIAE.

---

Appeal from a judgment of the Supreme Court, Onondaga County
(John J. Brunetti, A.J.), rendered October 26, 2011.  The judgment
convicted defendant, upon a nonjury verdict, of criminal possession of
a controlled substance in the third degree, criminal possession of a
controlled substance in the fifth degree and sound reproduction.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him
upon a nonjury verdict of criminal possession of a controlled
substance in the third degree (Penal Law § 220.16 [1]), criminal
possession of a controlled substance in the fifth degree (§ 220.06
[5]), and sound reproduction under the Syracuse Noise Control
Ordinance (Revised General Ordinances of City of Syracuse § 40-16 [b]
[hereafter, City Ordinance]).  On August 24, 2010, defendant's vehicle
was stopped by the police because his vehicle's stereo was allegedly
operating at an extremely loud volume.  As a result of the traffic
stop, the police recovered an amount of crack cocaine from defendant's
vehicle.

Defendant contends that the judgment should be reversed because
the City Ordinance is unconstitutionally vague, specifically
concerning its definition of "unnecessary noise," and the police did
not have probable cause to stop his vehicle.  We reject defendant's
contention that the City Ordinance is unconstitutionally vague.
Section 40-16 (b), the subdivision under which defendant was
convicted, provides that "[n]o person shall operate, play or permit

the operation or playing of any . . . device which produces, reproduces or amplifies sound . . . [i]n such a manner as to create *unnecessary noise* at fifty (50) feet from such device, when operated in or on a motor vehicle on a public highway" (emphasis added). The term "unnecessary noise" is defined in section 40-3 (u) of the City Ordinance as "any excessive or unusually loud sound or any sound which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of a reasonable person of normal sensibilities." The City Ordinance also provides a nonexclusive list of 11 standards to consider in determining whether noise is unnecessary (*see id.*).

Municipal ordinances "enjoy 'an exceedingly strong presumption of constitutionality' " (*Cimato Bros. v Town of Pendleton*, 270 AD2d 879, 879, *lv denied* 95 NY2d 757, quoting *Lighthouse Shores v Town of Islip*, 41 NY2d 7, 11), and such legislative enactments "are to be construed so as to avoid constitutional issues if such a construction is fairly possible" (*FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111, 120; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 150). "The void-for-vagueness doctrine embodies a 'rough idea of fairness' " (*Quintard Assoc. v New York State Liq. Auth.*, 57 AD2d 462, 465, *lv denied* 42 NY2d 805, *appeal dismissed* 42 NY2d 973, quoting *Colten v Kentucky*, 407 US 104, 110), and "an impermissibly vague ordinance is a violation of the due process of law" (*Matter of Turner v Municipal Code Violations Bur. of City of Rochester*, 122 AD3d 1376, 1377; *see People v Stuart*, 100 NY2d 412, 419). In addressing such a challenge, courts first "must determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that his [or her] contemplated conduct is forbidden by the statute" (*Stuart*, 100 NY2d at 420 [internal quotation marks omitted]). "Second, the court must determine whether the enactment provides officials with clear standards for enforcement" (*id.; see People v New York Trap Rock Corp.*, 57 NY2d 371, 378-379).

Defendant contends that the City Ordinance is unconstitutionally vague because it is similar to a different ordinance voided by the Court of Appeals in *New York Trap Rock Corp.* We reject defendant's contention. The ordinance here, unlike that in *New York Trap Rock Corp.*, defines "unnecessary noise" with reference to an objective standard of reasonableness rather than a subjective standard, and thus it is not unconstitutionally vague on that ground (*see People v Bakolas*, 59 NY2d 51, 53-55). Specifically, it defines "unnecessary noise" as noise that would offend "a reasonable person of normal sensibilities" (City Ordinance § 40-3 [u]). The ordinance at issue in *New York Trap Rock Corp.*, however, contained a subjective standard, which defined "unnecessary noise" as that which offends "a person" (*see id.* at 375). The subjective standard essentially permitted a conviction to "rest solely upon the 'malice or animosity of a cantankerous neighbor' . . . or 'boiling point of a particular person[,]' . . . situations which are the product, not only of imprecise standards, but of no standard at all" (*id.* at 380). There is no such constitutional infirmity in the City Ordinance at issue here.

We further conclude that the City Ordinance is not unconstitutionally vague because the section under which defendant was convicted was tailored to a specific context—the creation of "unnecessary noise" beyond 50 feet of a motor vehicle on a public highway (City Ordinance § 40-16 [b]).  In our view, "[w]hat is usual noise in the operation of a car [radio or other sound production device] has become common knowledge . . . and any ordinary motorist should have no difficulty in ascertaining" whether the noise in question violates the applicable standard (*People v Byron*, 17 NY2d 64, 67; *see People v Frie*, 169 Misc 2d 407, 410).  Based on the foregoing, we conclude that the ordinance in question was "sufficiently definite" to put defendant on notice that his conduct was forbidden, and that it provided the police "with clear standards for enforcement" (*Stuart*, 100 NY2d at 420).

Defendant's First Amendment challenge to the City Ordinance is unpreserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to address that challenge as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Furthermore, we conclude that defense counsel's failure to make a First Amendment argument before the trial court did not constitute ineffective assistance inasmuch as that " 'argument . . . ha[d] little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702; *see People v Bradberry*, 68 AD3d 1688, 1691, *lv denied* 14 NY3d 838).

Finally, contrary to defendant's contention, we conclude that there was ample evidence to support the court's determination that the police had probable cause to initiate the traffic stop on the ground that defendant violated the City Ordinance (*see generally People v Robinson*, 97 NY2d 341, 349-350).

                                        Frances E. Cafarell

Entered:  May 8, 2015

                                        Clerk of the Court