OPINION OF THE COURT
Benjamin Wm. Mehlman, J.
Both of these cases are similar, having originated in the same establishment, the "Alligator Disco” in the Village of Ocean Beach, Fire Island. Defendant Hollstegge was the manager of that discotheque and defendant Maxwell was in control of the volume level of music there. Both have been charged with violating Code of Ordinances chapter 112 of the village.
Both defendants now move pursuant to CPL articles 170 and 210 to dismiss the informations on the ground that chapter 112 is unconstitutional, insufficient in law and otherwise invalid. Inasmuch as CPL 210.25 affects only indictments, these motions will be considered together as having been made pursuant to CPL 170.30 (a) and 170.35.
PERTINENT PROVISIONS OF THE ORDINANCE (AS AMENDED)
"§ 112.2. Declaration of policy.
"It is hereby declared to be the policy of the Village Board of Trustees to prevent unreasonably loud, disturbing and *581 unnecessary noise. It is the intention of the Village Board of Trustees to reduce the noise level within the Village of Ocean Beach so as to preserve, protect and promote the public health, safety and welfare and to foster convenience, peace and quiet within the village by the inhabitants and transients within the Village of Ocean Beach. The Village Board finds that every person is entitled to have maintained noise levels which are not detrimental to life, health and enjoyment of property and that excessive and unnecessary noise within the Village of Ocean Beach affects and is a menace to the public health, safety and welfare and the comfort of the people of the Village of Ocean Beach.
"§ 112-3 B
"unreasonable noise — any sound which is defined in § 112-5 or 112-6 as unreasonable. (Section 112-3 quoted in the moving affidavit was amended by Local Law 6, of 1983 to state only the foregoing definition).
"§ 112-4. Unreasonable noise prohibited.
"No person shall make, cause or permit to be made any unreasonable noise within the geographical boundaries of the village or within those areas over which the village has jurisdiction, including the waters adjacent to the village, the beaches or those areas to the east and west of the village.
"§ 112-5. Specific acts considered to be unreasonable noise.
"The following acts and the causes thereof are declared to be in violation of this chápter and to constitute unreasonable noise:
"A. The use of any sound reproduction device * * *
"(ii) inside a structure in such a manner as to result in the sound or any part thereof from such apparatus to be projected therefrom outside of the structure or out of doors at any time within the residential areas or during night hours in the commercial areas * * *
"J. Any other excessive or unusually loud sound which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of a reasonable person of normal sensitivities except that the enumerated provisions of paragraphs A through I of this section shall govern and regulate the actions and activities therein prohibited, and nothing contained in this paragraph J shall apply to those actions and activities set forth in paragraphs A through I of this section.”
*582 THE INFORMATIONS
Hollstegge is charged with violating section 112-5 (A) in that music was projected out of doors from the Alligator Disco, of which he was manager, at 2:00 a.m., on June 23, 1985.
Maxwell was charged with violating section 112-4 in that noise came from the Alligator, which penetrated the residential property line at 1:25 a.m., on July 22, 1985, and that he was in control of the volume level of music in that establishment.
Defendants attack chapter 112 in its entirety as unconstitutional, claiming that it is vague, unclear, not positive and open to individual interpretation as to the definition of "Unreasonable Noise”.
The decisive question is whether the ordinance is so vague and impermissibly overbroad as to vitiate its effectiveness. I hold that it is not.
OPINION
The presumption of constitutionality of a legislative act is well recognized and courts of first instance should not declare a statute unconstitutional unless its invalidity is demonstrated beyond a reasonable doubt. (People v Pagnotta, 25 NY2d 333; Matter of Van Berkel v Power, 16 NY2d 37, 40.) Nevertheless, these motions will be decided on their merits.
Village Law § 4-412 (1) empowers the board of trustees of a village to "take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution * * * which shall be deemed expedient or desirable for the good government of the village, its management and business, the protection of its property, the safety, health, comfort, and general welfare of its inhabitants, the protection of their property, the preservation of peace and good order”.
It has been held that a city may enact a noise ordinance (People v Bakolas, 59 NY2d 51); a town may enact such an ordinance (People v New York Trap Rock Corp., 57 NY2d 371); and a village may do the same (People v Rapalski, 29 Misc 2d 988).
The contention that this ordinance is vague is without merit. The test to be applied is whether a reasonable person subject to the ordinance would be informed of the nature of the prohibited offense and what is required of him. (People v *583 Byron, 17 NY2d 64, 67; People v Hardy, 47 NY2d 500, 505.) This ordinance satisfies that test.
Section 112-5 (A) (ii) is precise in defining unreasonable noise. Indeed, ordinances such as section 112-4, which prohibit unreasonable noise, have been upheld as valid enactments. The Court of Appeals stated in Bakolas (supra, p 53): "The term 'unreasonable noise’ is not incapable of definition. Rather, it describes a noise of a type or volume that a reasonable person, under the circumstances, would not tolerate”.
Subdivision (J) of section 112-5 is even more specific in prohibiting "[a]ny other excessive or unusually loud sound which either annoys, disturbs, injures or endangers the comfort, repose, health, peace or safety of a reasonable person of normal sensitivities” (emphasis supplied). The characteristics of such a person are as capable of determination as the classic "reasonable man” or "reasonable doubt” terms imbedded in our law.
People v New York Trap Rock Corp. (supra) is not to the contrary. There the ordinance proscribed any excessive or unusually loud sound which annoys, disturbs, injures, endangers the comfort, repose, health, peace or safety of a "person”, without any objective standard for the trier of the facts to apply. Rather Bakolas (supra) is controlling because the ordinance here involved requires the determination both of unreasonableness and sensitivity of the complainant.
The fact that the complainants in both cases acted alone is of no consequence. Not only are they police officers who are sworn to detect and prosecute violations of law, but the reasonableness of their actions and their sensitivity or insensitivity may be determined at the trials.
The declared purpose of the ordinance expressed in section 112-2 is "to preserve, protect and promote the public health, safety and welfare and to foster convenience, peace and quiet within the village”. Its provisions clearly and expressly state what is prohibited. Its enforcement does not depend upon the " 'malice or animosity of a cantankerous neighbor’ ” (People v New York Trap Rock Corp., supra, p 380) but depends upon an objective standard to be applied and determined by the court before which the cases are to be tried.
Both motions are therefore denied and the cases shall be noticed for immediate trial.