(17 P.3d 940)

No. 83,550

No. 83,926

GONZALO LUNA, *Appellant*, v. CITY OF ULYSSES, KANSAS, *et al.*, *Appellees*.

———

Opinion filed December 29, 2000.

*Michael J. Friesen*, of Friesen & Wendler, LLC, of Garden City, for appellant.

*David C. Black*, of Fiss & Black, P.A., of Johnson, for appellees.

Before ELLIOTT, P.J., KNUDSON, J., and JACK L. BURR, District Judge, assigned.

KNUDSON, J.: In this consolidated appeal, Gonzalo Luna contends the excessive or loud noise ordinance of the City of Ulysses (City) is unconstitutionally vague and his convictions thereunder are not supported by substantial competent evidence.

City of Ulysses, Kansas, Ordinance No. 1002 (1997) states, in material part:

"**Section 1. Loud Noise Prohibited.** It shall be unlawful for any person to make or cause or permit to be made upon any public or private property including public streets, alleys, thoroughfares or parks, any unnecessarily loud or excessive noise or sound which is physically or mentally annoying or disturbing to another

person or persons or which disturbs the peace, quiet, or comfort of another person or persons.

"**Section 2. Exceptions.** Loud or excessive noise or sound shall not be prohibited when the following conditions are present:

(1) The noise was caused by a system being operated to request medical or vehicular assistance or to warn of a hazardous road condition;

(2) The noise was caused by an emergency or public safety vehicle;

(3) The noise was caused by operations of the City of Ulysses or a gas, electric, communications or refuse company;

(4) The noise was made for the purpose of giving instructions, directions, talks, addresses, lectures or transmitting music to any persons or assemblages of persons in compliance with ordinances of the City of Ulysses.

(5) The noise was caused by authorized public activities, such as parades, fireworks, sports events, musical productions and other activities which have the approval of the city."

Luna argues the ordinance is lacking an objective standard from which to determine what is "loud," "excessive," "mentally annoying," and "disturbing."

The interpretation of a statute is a legal question for which appellate review is unlimited. *Griffin v. State*, 14 Kan. App. 2d 803, 806, 799 P.2d 521 (1990).

" ' "The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. [Citations omitted.]

" ' " In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and if there is any reasonable way to construe the statute as constitutionally valid, that should be done. [Citations omitted.]

" ' "Statutes are not stricken down unless the infringement of the superior law is clear beyond substantial doubt. [Citations omitted.]" ' " *State ex rel. Tomasic v. Unified Gov. of Wyandotte Co./Kansas City*, 264 Kan. 293, 300, 955 P.2d 1136 (1998) (quoting *State ex rel. Stephan v. Parrish*, 257 Kan. 294, 297, 891 P.2d 445 [1995]).

Whether a statute is constitutional is a legal question. See *Griffin*, 14 Kan. App. 2d at 806. Both the Kansas Supreme Court and the United States Supreme Court have provided standards to determine whether a statute is void for vagueness.

"[I]n determining whether an ordinance is void for vagueness, the following two inquiries are appropriate: '(1) whether the ordinance gives fair warning to those persons potentially subject to

it, and (2) whether the ordinance adequately guards against arbitrary and discriminatory enforcement.'" *City of Wichita v. Wallace*, 246 Kan. 253, 259, 788 P.2d 270 (1990) (quoting *State v. Dunn*, 233 Kan. 411, 418, 662 P.2d 1286 [1983]). The *Wallace* court also held "[t]he standards of certainty in a statute punishing criminal offenses are higher than in those depending primarily upon civil sanctions for enforcement." 246 Kan. 253, Syl. ¶ 3.

The United States Supreme Court in *Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 33 L. Ed. 2d 222, 92 S. Ct. 2294 (1972), said:

"It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. Third, but related, where a vague statute 'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' Uncertain meanings inevitably lead citizens to ' "steer far wider of the unlawful zone" . . . than if the boundaries of the forbidden areas were clearly marked.' "

Based upon the above holdings in *Wallace* and *Grayned,* there are two questions we must answer. First, do the terms within the ordinance, "unnecessarily loud" and "excessive noise or sound," give fair warning to individuals potentially subject to its proscriptions? Second, does the ordinance provide for consideration as to the sensitivity of a complainant?

In *State v. Bryan*, 259 Kan. 143, 155, 910 P.2d 212 (1996), the court found unconstitutional a portion of the stalking statute because it failed to apply any objective standard in defining the terms "alarms," "annoys," and "harass." The court was concerned that the statute did not provide any guidelines to be used to determine when a following became alarming, annoying, or harassing. 259 Kan. at 149. The court noted that conduct which annoys one person may not annoy another; therefore, without a "definition or an

objective standard to measure the prohibited conduct" of the statute, it was held to be vague. 259 Kan. at 151.

The holding in *Bryan* is a reflection of the United States Supreme Court's decision in *Coates v. City of Cincinnati*, 402 U.S. 611, 614, 29 L. Ed. 2d 214, 91 S. Ct. 1686 (1971). In this case, the Supreme Court found the use of the term "annoy," without the application of an objective standard, was vague.

The New York Court of Appeals addressed a similarly worded ordinance in *People v. NY Trap Rock Corp.*, 57 N.Y.2d 371, 380, 456 N.Y.S.2d 711, 442 N.E.2d 1222 (1982). The court held the ordinance to be unconstitutionally vague, countenancing criminal convictions for noise which annoys another person motivated solely by malice or animosity between neighbors.

Conversely, in *People v. Hollstegge*, 129 Misc. 2d 580, 583, 493 N.Y.S.2d 720 (1985), a village noise ordinance was held not vague and *New York Trap Rock Corp.* was distinguished because "the ordinance here involved requires the determination both of unreasonableness and sensitivity of the complainant."

We conclude the loud noise ordinance of the City does not give fair warning to those potentially subject to its reach because there are no *objective* standards imparted. Loaded phrases and words in the ordinance "unnecessarily loud," "excessive," "mentally annoying," and "disturbing" do not provide fair warning to an individual of prohibited conduct.

The ordinance also provides that if the noise is disturbing to "another person or persons," then the individual responsible for the noise is in violation, regardless if the complainants have reasonable grounds to complain. As was true in *Bryan*, the absence of an objective standard subjects the defendant to the particular sensibilities of the complainant. The door is left open to arbitrary and discriminatory enforcement of noisy speech, thus, potentially ensnaring constitutionally protected speech.

The City relies in part upon *State v. Lara*, 18 Kan. App. 2d 386, 853 P.2d 1168 (1993), wherein the constitutionality of K.S.A. 8-1739(a) was challenged. This statute requires vehicles to be "equipped, maintained and operated so as to prevent excessive or unusual noise." The court held: "The words 'excessive' and 'unu-

sual' as used in K.S.A. 8-1739(a) are sufficiently certain and have well-accepted meanings. K.S.A. 8-1739(a) gives fair warning to those persons potentially subject thereto and adequately guards against arbitrary and discriminatory enforcement." 18 Kan. App. 2d 386, Syl.

In upholding the statute, the *Lara* panel relied upon the following rationale given in *Smith v. Peterson*, 131 Cal. App. 2d 241, 249-50, 280 P.2d 522 (1955):

" 'It appears to us that the requirement that a motor vehicle be equipped with a muffler in constant operation so as to prevent any excessive or unusual noise seems as certain as any rule which could be practically enforced. Motor vehicles have been used so long and have become so common, and mufflers so uniformly used to minimize the noise from their exhaust that what is usual has become a matter of common knowledge, and anything in excess of that is excessive and unusual, and usually capable of ascertainment as such. It may be that physicists have established definite standards of loudness of sound and means for measuring it, but this does not mean that such laboratory operations must be carried out by traffic officers on the highway where violators of this statute must be found and the evidence against them obtained. . . .'

" 'We conclude that the words "excessive" or "unusual," when viewed in the context in which they are used are sufficiently certain to inform persons of ordinary intelligence of the nature of the offense which is prohibited, and are therefore sufficient to establish a standard of conduct which is ascertainable by persons familiar with the operation of automobiles.' [Citation omitted.]" 18 Kan. App. 2d at 389-90.

The above reasoning in *Smith* adequately explains why *Lara* is not persuasive authority in this instance. *Lara* was decided within the context of prohibiting loud mufflers. That context included recognition that what is excessive muffler noise is a matter of common knowledge. Here, there are no commonly understood standards breathing objectiveness into the ordinance, and there is no adequate protection against its arbitrary and discriminatory enforcement.

In summary, Ulysses, Kansas, Ordinance No. 1002 does not provide objective standards for determining unreasonable noise and the sensitivity of a complainant. We hold the ordinance to be void for vagueness and reverse Luna's convictions.

Reversed.