NOT DESIGNATED FOR PUBLICATION

No. 113,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA,
*Appellee,*

v.

KELLY CAVENDER,
*Appellants.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed January 29, 2016.
Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Jan Jarman*, assistant city attorney, for appellee.

Before BUSER, P.J., ATCHESON and SCHROEDER, JJ.

*Per Curiam*: On appeal, Kelly Cavender challenges the sufficiency of the evidence supporting her conviction for violation of the City of Wichita (the City) noise ordinance—7.41.010(a). Our review of the record reflects substantial competent evidence to support the conviction. We affirm.

FACTS

On March 4, 2013, Kevin Smith called the police to report loud music coming from Cavender's house. Cavender's backyard was adjacent to Smith's side yard. Smith and Cavender's relationship as neighbors was hostile. Wichita Police Department officers

1

Edward Johnson and Maurice Mitchell responded to the complaint. In municipal court, Cavender entered a no contest plea to violating City Ordinance 7.41.010(a), prohibiting loud noise. She then appealed to the district court and waived her right to a jury trial. A bench trial was held on December 8, 2014.

Both officers testified the music was coming from a small stereo or boombox in Cavender's window facing out into the yard. Johnson testified he could hear the music from approximately 150 feet away and said that "[i]t was loud enough that I could see where it could be disturbing to somebody." Mitchell noted the music was not "real loud" at the front of the house but was louder at the back. Although Mitchell characterized the music as loud, he testified he personally would not have found it disturbing and he "do[esn't] have a problem with [his] neighbor that plays music when [they're] outside." The officers did not take a measurement of the sound with a decibel meter. The officers testified they rang the doorbell and knocked on the door but that no one answered or appeared to be home.

In addition to the police officers, both Smith and Cavender testified at trial. According to Smith, Cavender turned the music on and left the house, flipping him off as she drove by. He also noted at least one of the songs contained profanity. Cavender testified the speakers in her windows were part of an alarm system she installed due to problems with Smith. She claimed she was at home all day and was probably listening to music on her computer. She did not believe anyone knocked on her door.

The district court found Cavender guilty and sentenced her to 30 days in jail and imposed a $50 fine. The court granted nonreporting probation for 1 year. Cavender appeals to this court.

2

Cavender argues there is insufficient evidence to convict her for violating Wichita's noise ordinance because one of the two police officers said he would not personally have found the music to be disturbing. The City counters the police officer's personal opinion is irrelevant, asserting that the test is whether a person with reasonable sensibilities would have found the noise disturbing.

In determining whether sufficient evidence supports a conviction, this court considers whether, after reviewing all the evidence in the light most favorable to the prosecution, it is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Bolze-Sann*, 302 Kan. 198, 203, 352 P.3d 511 (2015). In doing so, this court does not reweigh the evidence, assess credibility of witnesses, or resolve conflicting evidence. 302 Kan. at 203.

Cavender was convicted under the City of Wichita Ordinance 7.41.010(a), which prohibits most loud noises that could bother other people:

> "It is unlawful for any person to make, continue, or allow to be made or continued, any excessive, unnecessary, unusual or loud noise which creates a nuisance or injures or endangers the comfort, repose, health or safety of others, or which interferes with the use or enjoyment of property of any person of reasonable sensibilities residing in or occupying the area unless the making and continuing of such noise is necessary for the protection and preservation of property or health and safety of some individual."

The ordinance applies a reasonable sensibilities standard, prohibiting noises that would bother "any person of reasonable sensibilities." The Kansas Supreme Court has held this standard "is an objective one by which all potential violations must be measured." *City of Lincoln Center v. Farmway Co-op, Inc.*, 298 Kan. 540, 548, 316 P.3d 707 (2013). The reasonable person standard is what keeps the ordinance from being unconstitutionally vague. *City of Wichita v. Smith*, 31 Kan. App. 2d 837, 845, 75 P.3d

1228 (2003); *cf. Luna v. City of Ulysses*, 28 Kan. App. 2d 413, 416-17, 17 P.3d 940 (2000) (finding noise ordinance with subjective standard unconstitutional). Cavender claims that "because the two reporting officers had differing opinions as to whether the music was a problem, the City failed to meet the objective standard that the noise disturbed any person with reasonable sensibilities."

The evidence presented at trial, when viewed in the light most favorable to the prosecution, was sufficient for a rational factfinder to find Cavender guilty of violating the noise ordinance. See *Bolze-Sann*, 302 Kan. at 203. Officer Johnson testified he could hear the music from about 150 feet away. He described the music as "loud enough that I could see where it could be disturbing to somebody." Officer Mitchell testified that he could hear the music from Cavender's front door and that it was playing more loudly at the back of the house. Mitchell did testify the music would not have bothered him personally if it had been played by his neighbor. The district court found: "Officer Mitchell did say it wasn't loud enough to bother him. But, again we're looking at the average, reasonable person. And he indicated that he heard loud music and characterized it as loud."

Besides the testimony of the two officers, Smith testified he found the music loud and offensive, and Cavender turned on the music, left the house, and flipped him off as she drove by his house. Therefore, the evidence also reflects Cavender's deliberate action of directing loud music out of the back of her house just before she left in order to be a nuisance or interfere with Smith's enjoyment of his property.

Sufficient evidence supports Cavender's conviction. A rational factfinder could find that a person of reasonable sensibilities would find the loud music interfered with the use or enjoyment of his or her property.

Affirmed.

4